## F. WEISS v. BOR. OF SOUTH BETHLEHEM.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 13, 1890—Decided October 6, 1890.
[To be reported.]

1. Dedication of land to public use as a highway is a question of intention. When the intention to dedicate exists, and the way is used by the public, the dedication will become effective without reference to the length of time covered by such user; but, when there is no such intention, the user will not work a dedication, however long continued.

2. A mere permissive use by the public, as a street, of a piece of ground left open by the owner in front of his property, and concurrently used by himself in his own business and for his own convenience, will not work a

Statement of Facts.

dedication to public use, nor will it confer upon the public any right as against the owner.

3. An owner may make a limited dedication in favor of the public, resumable at his mere pleasure, or may suffer a permissive use by the public for all purposes of passage, jointly with himself, without in any degree impairing his right to terminate such privilege at any time : Gowen v. Phila. Exchange Co., 5 W. & S. 142 ; Griffin's App., 109 Pa. 150.

4. When there is no other evidence of dedication than the mere fact of public user, so that the right claimed by the public is purely prescriptive, it is essential, to maintain it, that the user or enjoyment should be adverse, uninterrupted and exclusive for twenty-one years : Commonwealth v. Cole, 26 Pa. 187, distinguished.

5. It is not error to instruct a jury that the facts that a strip of ground has been used by the public as a street continuously for twenty-one years, that it leads from one avenue to another and is the natural route to and from several manufactories, and that a building line has been maintained by property owners along it, are "some evidence" of dedication, but not conclusive.

6. In assessing damages for the laying out of a public street, in front of a manufacturing establishment and between it and a railroad, the jury may consider whether the loss of the right of the owners to lay a private siding upon the site of the street, control its use, and keep cars standing thereon at their pleasure, will affect the market value of the property.

7. In assessing damages for the laying out of a borough street, interest from the date of the taking should be awarded to the owner as a part of his damages ; the provision in § 27, act of April 3, 1851, P. L. 320, amended by § 2, act of May 22, 1883, P. L. 39, that interest shall be allowed "from the date of the adjudication," relating only to the subject of interest upon the award when made.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 153 January Term 1890, Sup. Ct. ; court below, No. 16 December Term 1887, C. P.

On October 24, 1887, Francis Weiss entered his appeal from the report of viewers, appointed by the Court of Quarter Sessions of Northampton county, to assess the damages arising from the opening of Front street as a public street of the borough of South Bethlehem, which report awarded "no damages." Issue. Before trial Francis Weiss, the plaintiff, died, and his executors, Francis Weiss, Jr., and George H. Myers, were submitted.

At the trial, on March 29, 1889, the following facts were shown :

## Statement of Facts.

In 1887 Francis Weiss, deceased, the original plaintiff, was the owner of a piece of ground in South Bethlehem borough on which was a scoop or shovel factory. His property was described in his title deeds as bounded on the west by Brodhead Avenue and on the north by the right of way of the Lehigh Valley Railroad Company. Between the buildings erected thereon and the railroad right of way, was an open space, thirty feet in width, extending from Brodhead Avenue, eastward, through to Northampton Avenue. In 1887, the borough authorities enacted an ordinance laying out Front Street, between Brodhead and Northampton Avenues, as a public street. The street, as laid out, started at Brodhead Avenue, occupying twenty feet of the open space between the shovel factory and the railroad, and continued eastward in a straight line, and with the uniform width of twenty feet, until it reached the property next to Northampton Avenue, when it deflected toward the railroad.

Testimony for the plaintiffs tended to prove that the open space between the factory and the railroad had been used by the proprietors of the Weiss property since as early as 1868, in connection with the loading and unloading of freight shipped upon the railroad; that the construction of a siding, connecting the shovel factory with the railroad, was necessary for its economical operation, and that the loss of the right of its owners to lay a private siding upon the street and control its use, would largely depreciate the value of the property.

Testimony for the defendants tended to prove that the strip of thirty feet, part of which was occupied by Front street as laid out by the borough, had been used by the public as a passage way between Brodhead and Northampton Avenues, continuously for twenty-one years prior to the enactment of the ordinance; that, both the buildings on the Weiss property and all the buildings on other properties between it and Northampton Avenue, stood upon the line of that strip, and that it had never been built upon except in one instance, an owner of the lot next to Northampton Avenue having erected an ice house across it about 1884 or 1885, which stood for about a year after its construction.

The borough, at the time of the trial, had not made any physical change upon the ground embraced within the street, or taken formal possession thereof.

Charge of Court below.

At the close of the testimony, the court, REEDER, J., charged the jury in part as follows:

The defendant seeks to defeat the executors' right to recover in this action, because of an allegation that the land taken by the borough of South Bethlehem as a public highway was dedicated at some previous time by either Francis Weiss, or his predecessors in title, or by their joint action, as a public highway of the borough of South Bethlehem. If there was such a dedication of the land occupied by this street, then, of course, the estate of Francis Weiss suffers no damage, because, if there was a public highway there by reason of the dedication by Francis Weiss, or by his predecessors in title, then the borough in accepting it accepted only that which Francis Weiss dedicated to the public, and his estate would suffer no damage by reason of which they would be entitled to recover in this action. Your first inquiry, therefore, will be, was there such a dedication? . . . .

Dedication, after all, is a mere question of intention; and, before you can find that there was a dedication in this case, you must find that there is some evidence, either of the method or manner of its use, or from the testimony of the witnesses, or from the character of the land, or the nature of the locality, satisfying you that there was an intention on the part of some of the predecessors in title of Francis Weiss, or on the part of Francis Weiss himself, to dedicate this land to the public as a street.

[Dedication of land to the public as a street differs very materially in its character from the right acquired by prescription. One acquires a right by prescription in another man's land, by continuous and adverse user for a period of twenty-one years. Where a user of another man's land is exercised for a period of twenty-one years, and it is adverse, that is conclusive evidence of a right by prescription. It is not so, however, with evidence of dedication. The user by the public for twenty-one years of land as a public highway, is some evidence of dedication, but you must find more than this; the character of its use must satisfy you that there was an intention to dedicate.] [3]   A right by prescription is acquired by an adverse user. A right by dedication rests upon the presumption that the person owning the land intended to have the property used as a public highway.

Where a man owns land and he opens it for his own use, or where he neglects to close it up, or does not build upon it, but throws it open for the use of his own business, and, as an incident to such opening of the land for his own use, it is also used by the public, this is not a dedication to the public.  That is to say, that where a jury is satisfied from the testimony that the land is left open for any adjoining property owner to use as a matter of convenience in his business, and, incidental to that use, it is also used by the public generally, then that is not a dedication ; because, if it were opened by the owner for his use, although the public may have used it jointly with himself, yet that is only what is called a permissive use, a mere license to the public to use it while using it himself, and it is not a dedication.  [The circumstances of the opening of the land, the use of the land by the public, and the evidence in the case, must satisfy you that there was an intention to convey this land to the public for public use as a highway, before you can find that there was a dedication of the land to the public.] [4]

If you find, therefore, in considering this question of dedication, that the testimony in this case satisfies you that there was a dedication of this land on the part of the owners of the property as a public highway, then the plaintiffs are not entitled to recover, and your verdict will be in favor of the defendant.  If, however, you find that there was no intention to dedicate this land on the part of the plaintiffs in this action, or their predecessor in title, then you will determine what damages the plaintiffs have suffered. . . . .

The measure of damages in cases of this kind is the difference in the market value of the property immediately before and immediately after the opening of the street, as affected by the taking of the land and the opening of the street. . . . . In estimating the difference in the market value, you have a right to take into consideration all the injuries that the plaintiffs have sustained, and all the rights they have actually lost, as well as the improvement or increase in the value of the land remaining.

It is true, as contended for by the defendant, that the opening of Front street on this twenty feet wide strip will not take away from the Lehigh Valley Railroad Company the right to construct switches over this street.  The Lehigh Valley Rail-

Charge of Court below. .

road Company, under their charter and under the general laws of Pennsylvania, have the right to construct switches across all public streets, and they consequently would have a right to construct a switch into this property, although in front of it between the railroad and the property itself there was a public street. [If the owners of this property desired to have a switch upon it, and the Lehigh Valley Railroad Company were willing to lay it, the fact of a street being in front of their property and between that and the railroad, would not interfere with the railroad company's laying the switch, if they choose to do so. But it does take away from the owners of the property the right to lay the switch themselves.] [5]

It is also true, as contended for by the defendant, that the plaintiffs cannot construct a switch and connect it with the tracks of the Lehigh Valley Railroad Company without the latter's consent.* But, having connected it, they could run the switch wherever they chose upon their own property, keep cars standing upon it how and when they chose, and they would have sole control of it. It is also true, that, while the Lehigh Valley Railroad Company would have the right to run a switch across the street they would have no right to keep cars standing upon it. [If the right either to control that switch, run it, independent of any railroad company, in the construction of it, where they choose, except only so far as connection with the main track is concerned, and the right to have cars standing upon the switch so constructed, if that is a deprivation of a right which the plaintiffs would no longer have if this is a public street, and if that entered into the decrease of the market value of the property, then it would be an element for you to take into consideration, in estimating the damages which the plaintiff may have suffered by reason of the opening of this street. You will also determine what the land was worth. . . . . Whether the taking of the land is a loss or not; whether the deprivation of the right to lay the switches themselves and themselves control their use, and to have the cars standing upon them at their own pleasure, is the deprivation of any right, or whether it is of any value or not, or, if of value, whether that value is greater than the apprecia-

---

* See Pittsb. etc. R. Co. v. Robinson, 95 Pa. 426.—Rep.

Charge of Court below.

tion of the land which remains, is a question of fact for your determination, and one that is solely within your province.][6]

The plaintiffs request the court to charge:

1. A space left open in private property bordering on a highway, for the accommodation not of the public but for the accommodation of the owner, is not thereby dedicated to public use, but may be resumed at pleasure; and in such case the question of dedication should be withdrawn from the jury.

Answer: Affirmed.

4. If there was no dedication of the strip of ground taken for public use as a street, measuring one hundred and twenty-nine feet along the Lehigh Valley Railroad, and in depth twenty feet, then the plaintiff, Francis Weiss, was the absolute owner thereof, and had the right to build up to the line of the railroad, to use it for loading and unloading without a switch, or, to con-nect the manufacturing establishment with the railroad, on obtaining their consent, at any point along his entire front, by switch or switches, and to lay said switches longitudinally or obliquely across said strip, as he pleased, and to block up said space with standing cars, without requiring the consent or being under the control of the authorities of South Bethlehem.

Answer: Affirmed.

5. By the opening of said strip as a street of a borough, the borough of South Bethlehem has acquired the right and it becomes their duty to keep it free from obstructions to travel, and the former owners have lost the rights on said strip mentioned in the foregoing point.

Answer: This point I affirm, as qualified by what I have already said.

7. Plaintiff is entitled to be compensated for the value of the land taken, as well as for such switching privileges as he has lost by the opening of the street.

Answer: This point I cannot affirm. The measure of damages, as I have said, is the difference in the market value of the property left, as compared with the value of the property immediately before and immediately after the opening of the street. It is true, that in estimating that difference the jury have a right to take into consideration the value of the land taken, as well as such switching privileges as the plaintiffs may have lost by the opening of the street.

Charge of Court below.

8. The measure of damages is the difference in the market value of the entire scoop works, before and after the taking of the land; and if the jury should ascertain such difference, they should calculate interest on it from October 10, 1887, the date when the report of viewers was filed.

Answer: Affirmed.[7]

The defendant requests the court to charge:

1. If the jury find that the twenty feet in question have been used by the public as a street continuously and uninterruptedly for twenty-one years prior to its adoption as a street, that is evidence of public dedication.

Answer: This point I affirm. It is some evidence of a dedication to the public.[2]

2. If the jury find that there was an easement in the public upon the said twenty feet, by which the public have the right to use it as a public street, then the formal opening or adoption of the street within the lines in which the public have acquired an easement would be no damage to the Weiss property, and the verdict should be for the defendant.

Answer: Affirmed.

3. Public dedication is a question of intention; and the fact of this twenty feet having been used by the public as a public street, and the fact that this twenty feet leads from Brodhead Avenue to Northampton Avenue, and that a building line has been maintained and observed by the property owners along the said strip, and that it is the natural route to and from the front of the Brass Works, the Boiler Works and the Bethlehem Iron Company property, is all evidence of dedication and the intention to make it a public highway.

Answer: This point I affirm, with the qualification that it is not conclusive evidence. It is some evidence.

4. If the jury find that this road of twenty feet in front of the Weiss property is a benefit or advantage to said property, that should be taken as a set-off to any claim for damages.

Answer: This point I affirm, in connection with what I have already said in regard to the measure of damages.

The jury rendered a verdict for the plaintiffs for $2,868.33. A rule for a new trial having been discharged, judgment was entered on the verdict; whereupon the defendant took this appeal, assigning for error:

2. The answer to defendant's point.[2]

3–6. The parts of the charge embraced in [  ] [3 to 6]

7. The answer to the plaintiffs' point.[7]

*Mr. J. Davis Brodhead,* for the appellant:

1. The defendant's position at the trial was that if the land had been used by the public for more than twenty-one years, continuously and uninterruptedly, as a public street, the plaintiffs were not entitled to any damages. The court erred in instructing the jury that, while such user was some evidence of a dedication, it was not sufficient of itself to establish the dedication, and in giving the jury to understand, by the general tenor and effect of the charge, that something more was required from the defendant than an adverse user of the easement by the public for twenty-one years, to raise a presumption of dedication: 2 Dillon on Mun. Corp., § 637; Thayer v. Boston, 19 Pick. 511; Oustott v. Murray, 22 Ia. 457; especially as the way in question connects two public streets or highways: Valentine v. Boston, 22 Pick. 75; Commonwealth v. Cole, 26 Pa. 187; Esling v. Williams, 10 Pa. 126; Trauger v. Sassaman, 14 Pa. 514; Okeson v. Patterson, 29 Pa. 22; Workman v. Curran, 89 Pa. 226; Demuth v. Amweg, 90 Pa. 181. There is no authority to sustain the attempted distinction between a right by prescription and one by dedication, as to the evidence necessary to establish the right.

2. Without the company's consent, the plaintiffs could not construct a switch, street or no street. How, then, can the opening of the street deprive the plaintiff of any such right? If the company consents, they can still lay it across the street under the company's rights. In the part of the charge embraced in the sixth specification, the court submitted to the jury the question of law whether the opening of the street would deprive the property owners of certain imaginary rights which are entirely too unsubstantial and remote to be considered in assessing damages: Hornstein v. Railroad Co., 51 Pa. 87. And it was error to instruct the jury to allow interest from the filing of the report of viewers. The act of April 3, 1851, § 27, P. L. 326, amended by act of May 22, 1883, P. L. 39, allows interest only from the date of adjudication of the damages, and none were adjudicated by the viewers, for they

Arguments.

allowed none.    As the street was not opened, and could not be, under the statute, until liquidation of the damages, the plaintiffs were entitled to no interest prior to the verdict: Norris v. Philadelphia, 70 Pa. 332; Second St., 66 Pa. 132; Stewart v. County, 2 Pa. 340.

*Mr. W. E. Doster*, for the appellees:

1. The defendant not having shown that the user by the public was adverse, the testimony on that subject became evidence, merely, on the subject of dedication, and the defendant had the full benefit of it as such.    The defendant's first point omits the word adversely, in describing the user, and therefore the answer of the court to it was an accurate statement of the law.    The authorities cited by the defendant establish the proposition that when the user is not adverse, no presumption arises, nor any title by prescription.    The distinction drawn by the court between rights acquired by prescription, and those acquired by dedication, is sound and supported by the authorities: Washburn on Easements, 3d ed., 179, 183; Gowen v. Phila. Exchange Co., 5 W. & S. 141; Duncan v. Hanbest, 2 Brewst. 362; Neill v. Gallagher, 10 Phila. 172; Biddle v. Ash, 2 Ash. 211; Griffin's App., 109 Pa. 150.

2. The court clearly defined the plaintiff's right of dominion over his land, and the rights which he lost when he ceased to be the owner and the borough became the owner.    There is no ground for the assertion that he lost no rights.    The jury have found, as a fact, that the switching privilege cannot be exercised as before, and have found, also, that this fact affects the market value of the property.    It was therefore proper for consideration in assessing the damages: Allegheny v. Black, 99 Pa. 152; Shenango etc. R. Co. v. Braham, 79 Pa. 447; Setzler v. Railroad Co., 112 Pa. 56; Pittsb. etc. Ry. Co. v. McCloskey, 110 Pa. 436.    The report of the viewers was an adjudication on the question of damages, and interest runs from its filing, under the acts of April 3, 1851, P. L. 320, and May 22, 1883, P. L. 39; Penna. R. Co. v. Cooper, 58 Pa. 408; Delaware etc. R. Co. v. Burson, 61 Pa. 369; Allegheny v. Campbell, 107 Pa. 530; Penna. R. Co. v. Patterson, 73 Pa. 491.    The cases cited on this point by the defendant were decided under special statutes.

OPINION, MR. JUSTICE GREEN:

The learned court below, in answer to the defendant's first point, distinctly charged the jury that if the plaintiff's ground in question had been used by the public as a street continuously and uninterruptedly for twenty-one years, prior to its adoption as a street, that is evidence of a public dedication. In answer to the second point of the defendant, the jury was instructed that if the public had an easement upon the twenty feet strip in question, to use it as a public street, the opening or adoption of the street within the lines of the easement would be no damage to the Weiss property, and the verdict should be for the defendant. The defendant's third point requested an instruction that public dedication is a question of intention, and the fact of the twenty feet strip having been used by the public as a public street, and the fact that it leads from one avenue to another, and that a building line had been maintained by the property owners along the strip, and that it is the natural route to and from the works of several companies, is all evidence of dedication and the intention to make it a public highway. This point and the first were affirmed, with the qualification that the facts mentioned in the points were some evidence of dedication, but not conclusive. The second point was affirmed without qualification. In the general charge the court more specifically instructed the jury that if there was a dedication of the land to public use as a street, either by Francis Weiss or any of his predecessors in the title, there could be no recovery by the plaintiffs. That use of land for a street which constitutes a dedication, was carefully explained to the jury. They were told that it was a question of intention; if the intention to dedicate existed, it would become effective without reference to the length of time the way might be used, but if there was no intention to dedicate, the user would not take effect as a dedication, no matter how long it was continued. The jury was also instructed, that a mere permissive use by the public of a piece of ground left open by the owner in front of his property, and used by him in his own business and for his own convenience, was not a dedication to public use, and conferred no right upon the public as against the owner. And the jury was further instructed, that the question whether or not there was a dedication, in this case, depended upon the

facts in evidence as to the opening of the land, the character of its use by the public, the character of the property, the nature of the land and its surroundings, and all the other circumstances in the case, and if they found that there was an intention to dedicate on the part of the owner, they would be warranted in finding that there was an actual dedication, and in that event their verdict should be in favor of the defendant. We fail to find any error in these instructions; on the contrary, they are in precise accordance with the whole current of authorities upon this subject.

Complaint is made in the first four assignments of error, that the court did not give adequate effect to the theory of an adverse use, for twenty-one years, of the road by the public, and that the jury were misled by the charge and answers, because the court did not distinctly say that if the use of the road by the public was adverse, and continued for twenty-one years, it would give a conclusive right to the public. It would be a sufficient answer to say that the case was tried upon the theory of a dedication, and that this is apparent from the points of the defendant, as well as from the points of the plaintiffs. The attention of the court was not called by any point to the effect of an *adverse* user, nor to the proposition that an actual user by the public for twenty-one years would, of itself alone, be proof of an adverse user. The court could not be convicted of error for omitting to say what it was not asked to say. But the court did say that there was a difference between the acquisition of a private right of way over the land of an owner by twenty-one years' continuous adverse use of the way by another, and the acquisition of such a right by the public founded upon a dedication of the land to public use; that, in the former case, a conclusive presumption of a grant arose, and in the latter, the mere fact of user was not sufficient to establish a dedication, but there must be further proof, indicating an intention to dedicate. We think this was quite correct. In Dillon on Mun. Corp., § 500, where the very precise question is discussed, the writer says: " But where there is no other evidence against the owner to support the dedication but the mere fact of such user, so that the right claimed by the public is purely prescriptive, it is essential, to maintain it, that the user or enjoyment should be adverse; that it was with a claim of

right, and uninterrupted and exclusive for the requisite length of time." Our attention has not been called to any evidence in the present case, nor have we discovered any, that the user of the public was made with a claim of right, nor that it was exclusive; on the contrary, the evidence was emphatic and uncontradicted that the owners of the Weiss property were in the constant habit of using the ground in front of their works for their own purposes. The evidence seems to present a case of a permissive use by the public of the ground in question, concurrently with the use by the owner, and this has uniformly been held by this court as insufficient to create an adverse right in the public by way of dedication of the owner.

We do not think it necessary to repeat the reasoning of Chief Justice GIBSON in the case of Gowen v. Phila. Exchange Co., 5 W. & S. 142, but only to say that we regard it as entirely conclusive, not only as establishing the right of an owner to make a limited dedication in favor of the public, resumable at his mere pleasure, but also to grant a permissive use by the public for all purposes of passage in front of his land, jointly with himself, without in any degree impairing his right subsequently at any time to terminate such privilege. In the recent case of Griffin's App., 109 Pa. 150, the same doctrine was repeated and enforced, and we have no disposition to qualify the law as stated in that and other cases. The instructions of the learned court below were in exact conformity with these decisions. It is unnecessary also to refer to the cases in which it is held that, even where private rights of way are claimed by adverse user, a permissive use, if shown by the testimony, is destructive of the claim. The case of Commonwealth v. Cole, 26 Pa. 187, has no application to this case. No question of dedication arose or was considered. The road in question had been used as a public road for more than twenty-one years, and had been kept in repair at the expense of the township for several years. The proceeding was a prosecution for breaking down a fence across the road, and it was held that the case did not come within the statute imposing a penalty for such an act. What was said in the opinion as to use of ground by the public for a highway for twenty-one years was obiter dictum, and must in any event be held to have been said with reference to the facts of that case.

The fifth and sixth assignments of error are without merit, and are dismissed.

As to the seventh asssignment, it is obvious that the act of 1883, amending the general borough law of 1851, P. L. 320, relates only to the subject of interest after adjudication. The question of interest as a part of the damages for the taking, is not in any way provided for by the act. We have so often held that interest may be allowed from the time of the taking of land for public use by way of damages, and that even a positive direction to allow interest is not error, that we cannot consider it an open question now. In Del. etc. R. Co. v. Burson, 61 Pa. 369, we said: "Nor was there error in charging the jury to allow interest. If the plaintiff was entitled to compensation by reason of her property being taken at a particular time, she was certainly entitled to interest as a compensation for its wrongful detention." See also Allegheny v. Campbell, 107 Pa. 530. In this case, the court directed the jury that if they found for the plaintiffs they should allow interest from October 10, 1887, the date when the report of viewers was filed. As the land of the plaintiffs was taken before that date, there was no harm to the defendant in fixing that time as the period when interest should commence. We do not think the filing of the report had anything to do with this subject, but it was no injury to the defendant to give such an instruction.

Judgment affirmed.