# Moravian Seminary, Appellant, *v.* Bethlehem Borough.

*Practice, C. P.—Judgment—Verdict—New trial.*
An entry of judgment on the same day that the verdict is rendered is irregular, and cannot stand in the way of a motion for a new trial made within the prescribed time, or of any action of the court involving, directly or indirectly, arrest of judgment or setting aside the verdict.

*Entry of judgment—Act of March 23, 1877.*
The act of March 23, 1877, P. L. 34, providing that verdicts shall be liens, etc., does not authorize the entry of judgments out of regular course.

*Discontinuance of proceedings.*
Where judgment was entered on the same day that the verdict was rendered, and it appears that a motion for a new trial was made two days after the verdict was rendered, the court may under proper circumstances permit or authorize a discontinuance of the proceedings, on reasonable terms; and a discontinuance actually entered in pursuance of precedent authority will, by necessary implication, carry with it the verdict.

*Municipalities — Discontinuance of condemnation proceedings — Act of May 16, 1891.*
The act of May 16, 1891, § 7, P. L. 78, relating to the discontinuance of condemnation proceedings by municipal corporations, does not apply to a case where the viewer's report was filed in the quarter sessions on

April 13, 1891, and an appeal to the common pleas was filed on April 26, 1891, and was pending when the act was passed.

Prior to the act of May 16, 1891, sec. 7, P. L. 78, in condemnation proceedings by a municipal corporation, the court may authorize a discontinuance of the proceedings, before judgment is actually entered in favor of the landowner, but in doing so it must impose proper and adequate terms upon the municipality.

In such a case the defendant should be required to repeal the ordinance under which it undertook to appropriate plaintiff's property, and to pay all the costs and expenses of the proceedings, including counsel fees.

*Municipalities—Mandamus execution—Judgment.*

An irregular judgment entered on the same day that the verdict was rendered will not support a mandamus execution.

Argued March 9, 1893. Appeal, No. 331, Jan. T., 1893, by plaintiff, from order of C. P. Northampton Co., June T., 1891, No. 26, discontinuing condemnation proceedings. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Appeal from report of viewers condemning land for street. Petition for mandamus execution.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were, (1) in discontinuing condemnation proceedings; (2) without requiring defendant to pay plaintiff's costs and expenses; (3) in refusing to award mandamus execution; (4) in refusing to amend decree so as to include plaintiff's costs and expenses, asked for the additional reason that defendant's answer shows that defendant was advised by counsel that defendant had not sufficient resources to pay, within the constitutional prohibition, etc.; quoting decree and exceptions.

*Henry W. Scott* and *W. E. Doster*, for appellant.—Even if judgment was irregularly entered on Nov. 28, 1891, it is conclusive until set aside or reversed by defendant: Drexel's Ap., 6 Pa. 272. When the verdict is indexed, it is a judgment: Stephens v. Downey, 53 Pa. 424; Beyerle v. Hain, 61 Pa. 226; Britton v. Stanley, 1 Whart. 267; Maguire v. Burton, 1 Miles 16. No discontinuance could be permitted which could deprive us of our judgment: Meyers v. Borough of South Bethlehem, 30 W. N. 218. The right to execution process is of common law, the forms of procedure are regulated by statute. The refusal of the court to award execution is final, and for an

indefinite stay of such process error lies : Patterson v. Patterson, 27 Pa. 40; Pontius v. Nesbit, 40 Pa. 310; Feagley v. Norbeck, 127 Pa. 238; South Bethlehem v. Weiss, 30 W. N. 218; Com. v. Taylor, et al., 36 Pa. 263; O'Donnell v. School Dist., 133 Pa. 162; Pollock v. Lawrence Co., 2 Pitts. R. 137; Monaghan v. Phila., 28 Pa. 209.

If the court below had authority to permit a discontinuance of condemnation proceedings on the part of the defendant so as to affect our judgment, it was an excess of power and abuse of discretion to do so upon any other condition than payment to plaintiff of all expenses incurred in good faith, in this experimental litigation ; from such action error lies : Catlin v. Robinson, 2 Watts, 379 ; Elliott on Roads and Streets, 211 ; Marshall v. Grove, 10 Pa. C. C. R. 532. The act of 1891 did apply : Long's Ap., 87 Pa. 114 ; Lane v. White, 140 Pa. 99.

*Harry C. Cope* and *O. H. Meyers, J. B. Kemerer* with them, for appellee, cited, on the validity of the judgment : Brown v. Honneter, 16 S. & R. 139 ; Van Vliet v. Conrad, 95 Pa. 494 ; Britton v. Stanley, 1 Whart. 267 ; Lance v. Bonnell, 14 W. N. 385 ; Morris's Est., 6 Phila. 134. On the question of discontinuance : Myers v. Borough of South Bethlehem, 30 W. N. 218 ; Funk's Adm. v. Waynesboro Sch. Dist., 18 W. N. 447 ; Elliott on Streets and Roads, 209 ; O'Neill v. Freeholders, 41 N. J. L. 161. On the right to mandamus : School Dist. v. Hill, 35 Leg. Int. 242 ; Com. v. Pittsburgh, 34 .Pa. 523 ; Williamsport v. Com., 90 Pa. 503 ; Price v. Com., 1 Whart. 1 ; Com. v. Lancaster Co., 6 Binn. 5 ; Board of Health v. Harrisburg, 2 Pears. 242 ; Com. v. Com's, 2 Whart. 286 ; Cavanaugh v. School Dist., 6 Pa. C. C. 35 ; People v. Frink, 32 Mich. 96 ; People v. Edmonds, 19 Barb. 472 ; State v. Graves, 81 Am. Dec. 639 ; Dane v. Derby, 89 Am. Dec. 722. On the payment of costs : 2 Dillon Municipal Corporations, § 458 ; 2 Ib. § 596 ; Stilson v. Lawrence Co., 52 Ind. 213 ; State v. Johnson's Adm'r, 52 Ind. 197 ; Mayer v. Walter, 64 Pa. 286 ; Lewis on Eminent Domain, § 658 ; Marshall v. Grove, 10 Pa. C. C. R. 532 ; Grubb's Ap., 82 Pa. 29 ; Wilton's Ap., 87 Pa. 84 ; Goodman's Est., 23 W. N. 235 ; Good v. Mylin, 8 Pa. 51 ; Alexander v. Herr, 11 Pa. 537 ; Sensenig v. Perry, 113 Pa. 115 ; Wadlinger, Costs, 362 ; Marvine v. Drexel, 1 W. N. 323 ; Porter

v. English, 1 Phila. 85; Ins. Co. v. Corbin, 12 Phila. 257. On application of act of 1891: Taylor v. Mitchell, 57 Pa. 212; Endlich on Interp. of Statutes, §§ 273, 282.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 20, 1893:

This appeal by the Moravian Seminary is from decrees of the court below permitting the borough defendant to discontinue condemnation proceedings, and refusing to award a mandamus execution against said defendant, etc.

In October, 1889, the borough passed an ordinance providing for extension of Main street through the seminary grounds. After viewers were appointed to assess damages for the land taken, etc., the proceedings were quashed, for irregularities therein, and the ordinance was repealed. In July, 1890, a new ordinance, for same purpose, was passed, and damages in favor of the seminary were assessed by viewers at $15,000. From that assessment an appeal was taken to the common pleas, and on trial of the issue a verdict was rendered, November 28, 1891, in favor of the seminary for $35,000. Same day, the jury fee was paid and judgment entered on the verdict. Two days thereafter, as the record shows, time for filing reasons for a new trial was enlarged until Monday, December 7, 1891, but no motion or reasons for new trial appear to have been filed.

In January, 1892, a rule was granted to show cause why proceedings should not be discontinued. To this, plaintiff made answer that, in the circumstances, the court was powerless to authorize a discontinuance; and further, that heavy expenses had been incurred by plaintiff, which in any event should be paid by defendant before it should be permitted to abandon the condemnation proceedings, etc. The master, to whom the matter was referred by the court, reported that the lawful taxable costs were $745; that the plaintiff had incurred other necessary expenses, viz.: surveyor's fees for drafts, printing bills and counsel fees amounting to $2,242.75, all of which sums were expended in good faith, and were reasonably worth the several sums so paid; but, because, in his opinion, said expenses did not create a legal liability, the master recommended a decree permitting defendant to discontinue proceedings upon payment of said $745, taxable costs. Adopting that recommendation, the learned court made the orders recited in the first and second specifications of error.

The record, as presented to us, exhibits proceedings, some of which are far from being regular and consistent. We shall not attempt to reconcile them, except in so far as it may be necessary to do so in disposing of the questions directly involved in this contention. Some of the irregularities or defects referred to are perhaps due to the fact that proceedings were had of which no entry was made on the record. That may account for the non-appearance, in the record, of the motion for new trial. Whenever such omissions occur, it is the duty of counsel to apply to the court and, upon proper proof, have the record amended so as to conform to the facts.

The entry of judgment, on the day the verdict was rendered, was of course irregular and unauthorized, and could not stand in the way of a motion for new trial made within the prescribed time, or of any action of the court involving, directly or indirectly, arrest of judgment or setting aside the verdict. The act of March 23, 1877, P. L. 34, providing that verdicts shall be liens, etc., does not authorize the entry of judgments out of the regular course. But, while the record fails to show that a motion for new trial was made and pending at the time the order authorizing a discontinuance was made, the court evidently acted on the assumption that such was the fact. In the 5th paragraph of its petition for mandamus execution, the plaintiff asserts that " on November 30, 1891, (two days after the verdict was rendered) a motion was made for a rule for new trial," etc. We are therefore warranted in assuming that the motion for new trial was pending when the discontinuance was authorized. If, in the circumstances, the court had the right to permit or authorize discontinuance of the proceedings, on proper terms, the irregularly entered and unauthorized judgment did not stand in the way ; and a discontinuance actually entered, in pursuance of precedent authority, would by necessary implication carry with it the verdict.

Whether the court had the power to authorize the discontinuance or not, depends on the law as it stood prior to the passage of the act May 16, 1891, sec. 7, P. L. 78. The viewer's report was filed in the quarter sessions, April 13, 1891, more than thirty days before the act was passed. In addition to that, the appeal to the common pleas was filed in that court April 26, 1891, and was pending there when said act was passed.

We are therefore of opinion that the act of 1891 has no application to this case. The general law in force prior to the passage of that act was considered by this court in Myers v. South Bethlehem, 30 W. N. 218; 1 Adv. R. 796. [149 Pa. 85.] It was there held that where the plaintiff has a judgment for damages against a borough for property appropriated for street purposes, all questions of opening, taking, etc., are concluded by such judgment, so far at least as the plaintiff is concerned; and a subsequent abandonment of proceedings by the borough cannot affect his rights at law; and the borough's remedy must be legislative.

Speaking for the court, in that case, our brother MITCHELL said: "A judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised. It is not that the borough will owe the amount if, or when, it takes the property, but that it does owe now." His reasons in support of the judgment in that case, as well as authorities cited, point to the conclusion that, before judgment in favor of the plaintiff, municipal corporations, on the general principles of the law in force prior to the act of 1891, might be permitted to recede and discontinue condemnation proceedings.

The application to discontinue in this case was not after judgment, because the irregular and unauthorized judgment that appears upon the record was in fact no judgment, within the meaning of the principle referred to. It was a mere nullity and might have been stricken off at any time. We are therefore of opinion that in the circumstances the court had power to authorize discontinuance of the proceedings, on proper and adequate terms; but we do not think the terms imposed were either proper or adequate.

As conditions precedent to discontinuance, the defendant should be required to repeal the ordinance under which it undertook to appropriate plaintiff's property for street purposes, or so much thereof as relates to said property, and pay all the costs and expenses to which plaintiff has been subjected by reason of said condemnation proceedings. Anything less than that would be visiting upon the plaintiff the consequences of the ill-advised or reckless proceedings inaugurated and prosecuted by at least a majority of the borough council. In jus-

tice and equity, all the costs and expenses of the proceeding should be borne by themselves, but, inasmuch as we have no means of reaching them we must impose said costs and expenses on the municipality which they represent, or, perhaps, misrepresent.

As to the third specification of error, complaining of the refusal of the court to award a mandamus execution, it is sufficient to say that the plaintiff was not entitled to execution process without a valid judgment to support it. From what has already been said it sufficiently appears that it never had any such judgment.

The fourth and last specification does not require further consideration.

The decree of January 2, 1893, authorizing discontinuance, etc., is reversed and set aside at defendant's costs; and it is now adjudged and decreed that the defendant have leave to discontinue said proceedings upon compliance with the following terms and conditions, within sixty days from this date, and not otherwise:

First. That it shall, within the time named, repeal the ordinance under which it undertook to appropriate the plaintiff's property for street purposes, or so much thereof as relates to said property, if the same is not already repealed.

Second. That, within the time named, it shall pay all the taxable costs, including the sum of seven hundred and forty-five dollars, costs found by the master, and the further sum of two thousand two hundred and forty-two $\frac{75}{100}$ dollars, necessary expenses incurred by the plaintiff, as found by the master, with interest on said last mentioned sum from November 25, 1892, the date of the master's report.

And it is further adjudged and decreed, that, if said terms be not complied with, the plaintiff shall have leave to enter judgment on the verdict for the sum found by the jury, and make application to the court for a mandamus execution.