# Donohugh, Appellant, *v.* Lister.

*Ways—Private ways—Street—User.*

On a bill in equity by a property owner to enjoin the maintenance of gateways from lots into a street, which the plaintiff claimed to be a private way, belonging to himself, the court found that for more than forty years before the filing of the bill the way had been paved and used as a city street by the public, including the defendants, without objection by plaintiff or his predecessors in title ; that though no express dedication to public use appeared of record, and the street though plotted on the plan books of the survey department was not on any confirmed plan, yet the city had treated it as a public street, had repaved it and reset the curbs, charging the plaintiffs and defendants respectively as abutting owners for the curbing, that plaintiff had paid for the curbing on his side, but not that on defendant's side, nor for paving the cartway, and that the gateways complained of had existed as openings in the rear walls of defendant's lots for forty years, and had been used from time to time, though for a part of that period not appearing exactly, the openings had been boarded up and disused.	*Held,* that the way was a public street, and that plaintiff's bill was properly dismissed.

Argued Jan. 14, 1903.	Appeal, No. 232, Jan. T., 1902, by

plaintiff, for decree of C. P. No. 3, Philadelphia County, March T., 1901, No. 2510, dismissing bill in equity in case of William J. Donohugh v. Roseanna Lister and Susan Nichols. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*George C. Bowker*, with him *Thomas S. Donohugh*, for appellant.

*William C. Gross*, with him *Harry S. Ambler, Jr.*, for appellees.

PER CURIAM, May 4, 1903 :

Plaintiff being the owner of houses on Branner's court or Reese street and claiming that it was a private way, filed this bill against property holders whose lots abutted at the rear on Reese street, to enjoin the maintenance of a gateway from the lots into the said street and the use of the street as a passageway into Summer street.

The learned judge sitting as chancellor found that for more than forty years before the filing of the bill Branner's court, now called Reese street, had been paved and used as a city street by the public, including the defendants, without objection by the plaintiff or his predecessors in title, that though no express dedication to public use appeared of record, and the street though plotted on the plan books of the survey department was not on any confirmed plan, yet the city had treated it as a public street, had repaved it in 1894 with Belgian blocks and reset the curbs, charging the plaintiff and defendants respectively as abutting owners for the curbing, and that plaintiff had paid for the curbing on his side but not that on defendants' side nor for paving the cartway. He further found that the gateways complained of had existed as openings in the rear walls of defendants' lots for forty years, and used from time to time, though for a part of that period not appearing ex-

actly, the openings had been boarded up and disused. On these facts the judge, quoting Weiss v. So. Bethlehem Boro., 136 Pa. 294, found that Reese street was a public street, and the use of it by defendants was under their right as abutting owners. He therefore dismissed the bill. We have not been convinced that he was in error in his view of the facts, and on them the law is not open to question.

Decree affirmed with costs.