## Sensenig *v.* Lancaster County, Appellant.

*Road law—Costs—Opening street—Vacation of street.*

On an appeal from an award of a jury of view in proceedings under the Act of April 18, 1873, P. L. 811, relating to the city of Lancaster, the defendant city offered at the trial an ordinance vacating the street as to the opening of which damages had been awarded. The court thereupon directed the jury to render a verdict for defendant, and at the same time made an order "that the defendant pay all costs and expenses incurred by the plaintiff in this suit." No judgment was entered on the verdict. The court subsequently appointed a master to report as to the costs and expenses, and the master reported in favor of the plaintiff. *Held,* that the

city was legally liable for the costs and expenses incurred both in the quarter sessions and the common pleas, notwithstanding the verdict in favor of the defendant.

Argued Nov. 14, 1905. Appeal, No. 76, Oct. T., 1905, by defendant, from order of C. P. Lancaster Co., Dec. T., 1898, No. 14, overruling exceptions to master's report in case of Levi Sensenig v. County of Lancaster and the City of Lancaster. Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ. Affirmed.

Exceptions to report of Henry Carpenter, Esq., Master.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in overruling exceptions to master's report.

*E. M. Gilbert*, city solicitor, and *C. E. Montgomery*, for appellant.—The defendant cannot be legally ordered to pay the plaintiff any costs, counsel fees or expenses in this case: Myers v. South Bethlehem Boro., 149 Pa. 85 ; Moravian Seminary v. Bethlehem Borough, 153 Pa. 583 ; Uhler v. Cowen, 199 Pa. 316 ; Morris v. Phila., 199 Pa. 357.

*W. U. Hensel*, for appellee.—Plaintiff was entitled to his costs and expenses: Myers v. South Bethlehem Boro., 149 Pa. 85 ; Thuer v. Cowen, 199 Pa. 316.

Opinion by Porter, J., March 12, 1906 :
The city of Lancaster, acting through its officers and under the authority of the special Act of assembly approved April 18, 1873, P. L. 811, laid out a street over the lands of the plaintiff. The plan was duly approved and viewers appointed by the court of quarter sessions, in accordance with the provisions of the local statute ; the report of viewers was filed in the court of quarter sessions, the plaintiff appealed and demanded a jury trial, and that appeal was filed in the court of common pleas prior to the approval of· the Act of May 16, 1891, P. L. 75. The act of 1873 provided for the appointment of viewers and the ascertainment of damages upon the approval of the plan by the court of quarter sessions, the damages to be paid by the city of Lancaster and the county of Lancaster, in the manner

and in the proportions directed by existing laws, but that the damages should not become payable until the street had been ordered to be opened.   There is no dispute that the plaintiff was required to present his claim for damages to the viewers, and it is conceded that if he was dissatisfied with the report of viewers, his remedy was by an appeal and a jury trial upon the question in the common pleas.   While the appeal was pending in the common pleas the city passed an ordinance vacating the street, but took no steps to bring that ordinance upon the record of the legal proceedings in which it had involved the plaintiff and has never asked leave to discontinue those proceedings.   The city, on the contrary, subsequently joined in framing an issue in the appeal of the plaintiff, and in answer to the statement of the plaintiff filed in that appeal entered the general plea of not guilty, without attempting to set up the ordinance vacating the street.   Upon the trial of the issue the city offered in evidence the ordinance vacating the street, and the court thereupon directed the jury to render a verdict in favor of the defendant, and the court at the same time made an order " that the defendant pay all costs and expenses incurred by the plaintiff in this suit."   The plaintiff, on the second day after the verdict, filed reasons and obtained a rule to show cause why a new trial should not be allowed, and no judgment has ever been entered on the verdict.   The court subsequently appointed a master to take testimony and report the facts as to the costs and expenses incurred by the plaintiff in the condemnation proceedings.   Exceptions were filed to the report of the master, and after filing an opinion, which fully satisfies us that the conclusion at which he arrived was correct and the allowance made reasonable, the court below fixed the amount of the costs and expense for which the plaintiff was entitled to be reimbursed at $367.05.   The city contends that because the ordinance vacating the street was passed before the issue was finally tried the plaintiff is not entitled to recover any amount whatever for costs and expenses ; that he could recover nothing for the costs and expenses incurred in the proceedings in the quarter sessions, for they were not incurred in this suit, and that he can recover nothing for the costs and expenses in the common pleas, for the street had been vacated before the issue was tried.

Had there been a final judgment in the proceeding in the common pleas before the court made the order directing that the city pay the costs and expenses incurred by the plaintiff in the proceeding, that judgment would have been conclusive of the whole matter: Myers et al. v. South Bethlehem Boro., 149 Pa. 85. No judgment has, however, been entered on this verdict, and the question remains open. The power of the court to authorize the discontinuance of the proceeding depends on the law as it stood prior to the passage of the Act of May 16, 1891, sec. 75, P. L. 7. That statute has no application, and under the general law in force prior to its passage the court had power to authorize a discontinuance of the proceedings, on proper and adequate terms; the payment of all the costs and expenses to which the plaintiff has been subjected by reason of said condemnation proceedings: Moravian Seminary v. Bethlehem Boro., 153 Pa. 583; Uhler v. Cowen, 199 Pa. 316. We do not say that the action of the court in giving binding instructions in favor of the defendant was correct, for this plaintiff had a right to recover the costs and expenses to which he had been put, but those instructions did this appellant no harm. The case has been argued here on its merits, and the learned counsel representing the appellant, without insisting upon technical difficulties arising from the state of the record, has fairly presented the question: " Was the city legally liable for the costs and expenses incurred by the plaintiff? " That the city was so liable for the costs and expenses incurred in the condemnation proceedings, in the court of quarter sessions as well as in the court of common pleas, has been definitely ruled in the case of Huckestein v. Allegheny City, 165 Pa. 367. That case grew out of an ordinance of the city changing the grade of a street which had no existence, and it was held that the ineffective attempt of the city to change the grade did not give the plaintiff a right to recover damages as if for an actual injury to his land. That case, like this, had passed from the quarter sessions by appeal into the common pleas. There was a verdict in favor of the plaintiff in the court below and the Supreme Court reversed the judgment, making this order, " The record is remitted that the court may fix an allowance for counsel fees for the plaintiff and tax the costs. If these are paid no venire facias de novo will be awarded. If not paid, appli-

cation can be made to us for such writ." This clearly recognizes the right of the plaintiff, when the municipality has instituted a proceeding for the condemnation of his property which involves him in cost and expense, to have the amount of such cost and expense determined in that issue, although the municipality may have blundered in instituting the proceeding without having enacted the ordinances necessary to make it effective. Just as in the case of the Moravian Seminary v. Bethlehem Boro., 153 Pa. 583, it was held that the municipality was liable for the costs and expenses incurred by plaintiff in the litigation into which it had drawn him, although the public improvement was abandoned before a final judgment was entered in the condemnation proceeding. In the case last cited the plaintiff had recovered a verdict against the municipality for the amount of the damages which would have resulted to the property in case the improvement had been completed, but no valid judgment had been entered on that verdict. The Supreme Court made that verdict the instrument for compelling the municipality to pay the costs and expenses incurred by the plaintiff; in case the amount allowed for costs and expenses was not paid, the plaintiff was to have leave to enter a judgment upon the verdict. The pending proceeding in Huckestein v. Allegheny City was used as the means of compelling compliance by the municipality with the order to pay the costs and expenses incurred by the plaintiff; in case they were not paid a venire facias de novo was to be awarded, in which event the amount of the expenses would have been ascertained by the jury. There may in the present case be some difficulty in the way of enforcing the order, for the jury under the instructions of the court rendered a verdict in favor of the defendant; the remedy in such a case, if the municipality fails to comply with the order, would seem to be for the court below to grant a new trial, if the record is in such condition as to permit of the exercise of that power, otherwise the only course open to the plaintiff would be to appeal from the judgment entered upon the verdict.

The appeal is dismissed at the costs of the appellant.