## Peters et al. *v.* Reading, Appellant.

Argued January 21, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*William McKelvy Rutter,* Assistant City Solicitor, with him *Darlington Hoopes,* for appellant.

*John B. Stevens,* of *Stevens & Lee,* for appellees.

OPINION BY MR. JUSTICE LINN, March 23, 1936:

The only question is whether the appellant city may withdraw and discontinue condemnation proceedings in the circumstances disclosed by the record.

The right of eminent domain is an attribute of sovereignty, inherent in the State, to be exercised subject to applicable provisions of the Constitution and in accord with statutes regulating procedure. It is generally exercised by the State, or by agencies to which the State delegates the power, such as municipal corporations and others sometimes designated quasi-public corporations.

It has been held that, in the absence of statute providing otherwise, the State may discontinue such proceedings at any time before, but not after, taking possession *(Phila. v. Com.,* 284 Pa. 225, 130 A. 491; *Wood v. Trustees of State Hospital,* 164 Pa. 159, 30 A. 237) or, before but not after judgment *(Reinbold v. Com.,* 319 Pa. 33, 179 A. 571); that a municipality may likewise do so *(Weiss v. South Bethlehem,* 136 Pa. 294, 20 A. 801, s. c. *Myers v. South Bethlehem,* 149 Pa. 85, 24 A. 280; cf. *Moravian Seminary v. Bethlehem,* 153 Pa. 583, 26 A. 237; *Huckestein v. Allegheny,* 165 Pa. 367, 30 A. 983; *Sensenig v. Lancaster Co.,* 30 Pa. Superior Ct. 224; *Funk v. Waynesboro School Dist.,* 18 W. N. C. 447) and that a railroad company has the same right prior to taking possession or giving bond: *Speer v. Monongahela R. R. Co.,* 255 Pa. 211, 99 A. 810. The withdrawal by the municipality considered in the South Bethlehem cases took place prior to applicable legislation on the subject, and when the Weiss Case came up the second time (reported as *Myers v. South Bethlehem,* 149 Pa. 85, 92) we said, in dealing with possible inconveniences resulting

from the cost of public improvements in excess of what had been expected: "As already said the remedy must be legislative, and for future cases it has been supplied by the Act of May 16, 1891, section 7, P. L. 78" (53 PS section 403).[1]

This proceeding began by ordinance of the City of Reading, adopted December 7, 1927, for the appropriation of certain land belonging to the appellees "for the use of the Bureau of Water." Viewers were appointed and filed their report in October, 1933. The property owners appealed from the award and the case is still pending below. In 1935, pursuant to an ordinance repealing the condemnation ordinance, the city filed a petition for leave to discontinue the proceedings, setting forth, however, that the property owners were "entitled to all costs upon the proceedings, including attorney's fees to be fixed by the court" and asking that they be assessed. By answer, the city's right to discontinue was denied on the ground that the period allowed by the statute for discontinuance had expired. As the city was exercising a delegated right of sovereignty, it was necessarily required to do so on the terms on which the State conferred the power to condemn. Discontinuance of eminent domain proceedings by cities of the third class appears to have been regulated for the first time by the Act of May 23, 1889, P. L. 277, article XIV, section 7,

---

[1] "Section 7. In case any such municipal corporation shall repeal any ordinance passed, or discontinue any proceeding taken, providing for any of the improvements mentioned in the preceding sections prior to the entry upon, taking, appropriation or injury to, any property or materials, and within thirty days after the filing of the report of viewers assessing damages and benefits, the said municipality shall not thereafter be liable to pay any damages which have been, or might have been, assessed, but all costs upon any proceeding had thereon shall be paid by said municipal corporation, together with any actual damage, loss or injury sustained by reason of such proceedings." This act applied to municipalities generally.

providing that "In case any such city shall repeal any ordinance passed, or discontinue any proceedings taken, providing for any of the improvements mentioned in the first section of this article, prior to the entry upon, taking, appropriation or injury to any property or materials, and within thirty days after the filing of the report of viewers assessing damages and benefits, the said city shall not thereafter be liable to pay any damages which have been or might have been assessed, but all costs upon any proceedings had thereon shall be paid by said city." This section was reënacted verbatim in the Third Class City Law of 1913, P. L. 568, article XIV, section 7, but by the Act of 1919, P. L. 310, section 36 (53 PS section 11497) there was added to the costs "attorney fees to be fixed by the court on behalf of the owner or owners." The most recent delegation of power available to the appellant, with limitations on its exercise, is contained in the Third Class City Law, approved June 23, 1931, P. L. 932,[2] article XXVIII, sections 2801 to 2848, 53 PS sections 12198 et seq. Section 2847 provides: "Discontinuance of Proceedings.—If any city shall repeal any ordinance, or discontinue any proceeding, providing for any of the improvements mentioned in this article, prior to the entry upon, taking, or injury to any property or materials, and within thirty days after the filing of the report of the viewers assessing damages and benefits, the city shall not be liable to pay any damages which have or might have been assessed, but all costs upon any such proceedings shall be paid by the city, including attorney's fees to be fixed by the court on behalf of the owner or owners." It is clear that the power to discontinue the condemnation proceeding, which could be brought only on terms allowed by the legislation, was conditioned as to the time in which a

---

[2] This act in section 4701 also repeals the Act of 1891 so far as it relates to third-class cities.

discontinuance might be had; it must be done "prior to the entry upon, taking, or injury to any property or materials, and within thirty days after the filing of the report of the viewers assessing damages and benefits . . .," and, if so done, the court shall determine the costs and attorney's fees to be paid. A comparison of the various acts since 1889 with the prior law on the subject shows that for cities of the third class the legislature diminished the scale of reimbursement theretofore allowed. When the change was made, we must assume, the legislature was cognizant of the prior law, as declared for example, in the *Moravian Seminary's Case,* 153 Pa. at page 588, allowing "all the costs and expenses to which plaintiff has been subjected by reason of said condemnation proceedings"; see, too, *Sensenig v. Lancaster Co.,* 30 Pa. Superior Ct. 224, 227. We must therefore reject appellant's contention, that section 2847 merely provided the consequence of discontinuing within thirty days after the report of viewers and left at large the right to discontinue at any later time upon reimbursing the property owner, for example, as he would have been reimbursed prior to the Act of 1889. By specifying a period of time for discontinuance and the resulting obligation, the legislature, on a familiar rule of construction, excluded discontinuance at any other time and on other terms.

*Franklin Street,* 14 Pa. Superior Ct. 403; *Campbell v. City of Phila.,* 112 Pa. Superior Ct. 285, 170 A. 467, and *Pittsburgh's Petition,* 243 Pa. 392, 90 A. 329, dealt with proceedings under the Act of 1891; in the first case the discontinuance was before the viewers reported and in the last two after the report.

The order appealed from is affirmed.