In re Appointment of Viewers to Assess Damages on Account of the Appropriation by the City of Bethlehem of PROPERTY OF Irving FOX, Trustee, Situated in the TOWNSHIP OF HANOVER, COUNTY OF NORTHAMPTON, Commonwealth of PENNSYLVANIA.

In re The Taking, Appropriation, and Acquisition, by the Right of Eminent Domain, of LANDS OF Harold S. CAMPBELL, Martha M. Campbell, Harold S. Campbell, Jr., Jean D. Campbell, Kathleen L. Campbell, Jo Ann Campbell, and Irving Fox, Situate in HANOVER TOWNSHIP, COUNTY OF NORTHAMPTON, and Commonwealth of PENNSYLVANIA, by City of Bethlehem, for the Purpose of Extending and Enlarging City's Public Park Known as Monocacy Park.

Civ. A. Nos. 25670, 25929.

United States District Court
E. D. Pennsylvania.
Sept. 30, 1964.

See also D.C., 198 F.Supp. 616.

Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Irving Fox, Trustee.

T. E. Butterfield, Jr., Bethlehem, Pa., Richard P. Brown, Jr., W. James MacIntosh, Arthur Littleton, Morgan, Lewis & Bockius, Philadelphia Pa., for City of Bethlehem.

GRIM, District Judge.

On November 25, 1958, the city council of Bethlehem, Pennsylvania, passed an ordinance appropriating for park purposes a 62½ acre tract of land in Hanover Township, Northampton County, Pennsylvania, owned by Irving Fox, trustee. Fox is a citizen of New York; Bethlehem is a Pennsylvania municipal corporation. On December 5, 1958, Fox instituted this diversity action by filing in this court in accordance with federal law and Pennsylvania procedure a petition requesting the appointment of three viewers to determine the amount of damage.[1] The viewers were appointed following the request and they, on March 15, 1961, made an award in the sum of $385,000 in favor of Fox and against the City of Bethlehem.

Subsequently, Fox filed a complaint in this court appealing the award of the viewers and requesting a jury trial on the question of the amount of the damages. This issue now remains in this court awaiting the requested jury trial and verdict.

Although the appropriating ordinance was passed on November 25, 1958, the City of Bethlehem never entered upon the appropriated land. However, on August 7, 1962, it adopted an ordinance purporting to repeal its appropriating ordinance of November 25, 1958, attempting thereby to discontinue entirely its eminent domain action to acquire the Fox property and attempting also to stop the action in this court to determine the amount of the damages resulting from the condemnation of the Fox property.

After the City of Bethlehem passed its repealing ordinance of August 7, 1962, Fox filed a supplemental complaint in this

1. Rule 71A(k) of the Federal Rules of Civil Procedure provides: "(k) Condemnation Under a State's Power of Eminent Domain. The practice as herein prescribed governs in actions involving the exercise of the power of eminent domain under the law of a state, provided that if the state law makes provision for trial of any issue by jury, or for trial of the issue of compensation by jury or commission or both, that provision shall be followed."

The Pennsylvania statute involved is the third-class city code, which provides, 53 P.S. §§ 37819 and 37842, that to have a determination of the amount of damages for the taking, either the property owner or the city may petition the state court to appoint three viewers. After the viewers have made their award either party has the right to appeal to the local state court to have the issue of the amount of damages determined in a jury trial. See In re Appropriation by City of Bethlehem, 181 F.Supp. 875 (E.D.Pa. 1960); In re Monocacy Park, 181 F. Supp. 880 (E.D.Pa.1960).

court containing two counts. In the first count, he seeks damages for a complete taking of his property in the same manner and in the same amount as he had claimed damages in his first complaint. His contention as to a right to recover under the first count, despite the purported repealing ordinance, is that the purported repealing ordinance is illegal and ineffective for the reason that too much time elapsed (November 25, 1958–August 7, 1962) between the original condemnation ordinance and the time of the purported repealing ordinance. In the second count, in the supplemental complaint, it is averred in the alternative that if the court should decide that the repealing ordinance is legal and effective for its purpose, then there should be awarded to Fox certain alleged damages suffered by reason of the condemnation ordinance and its repeal approximately three and two-thirds years later.

The City of Bethlehem has filed a motion to dismiss the action now before the court.

■ The question of the right of a Pennsylvania third-class city to discontinue eminent domain proceedings started in 1958 is governed by the third-class city code (Act of June 28, 1951, P.L. 662, § 28.4, 53 P.S. § 37847):

"If any city shall repeal any ordinance, or discontinue any proceeding, providing for any of the improvements mentioned in this article, prior to the entry upon, taking, or injury to any land or property or appropriation of materials, the city shall not be liable to pay any damages which have or might have been assessed, but all costs upon any such proceedings shall be paid by the city, together with any actual damage sustained by reason of such proceeding."

This 1951 statute which controls the present case was an amendment to a 1931 Pennsylvania statute, (Act of June 23, 1931, P.L. 932, § 2847), which limited the right of a Pennsylvania third-class city to discontinue eminent domain proceedings to thirty days after the filing of

the report of viewers. Peters v. City of Reading, 321 Pa. 220, 184 A. 23 (1936). The above-quoted 1951 amendment has now been superseded by the Pennsylvania 1964 Eminent Domain Code, which restricts to one year after a declaration of taking the right of a city to discontinue eminent domain proceedings, Act of June 22, 1964, P.L. ——, § 408, 26 P.S. § 1–408. Thus in the statutes immediately preceding and following the 1951 statute which controls the present case, the Pennsylvania legislature placed a clear time limitation on the right of a third-class city to discontinue eminent domain proceedings. However, by omitting such a time limitation from the 1951 statute, the legislature indicated its intention not to place any time limitation on the right of a third-class city to discontinue eminent domain proceedings. However, it did not ignore the possibility that a city might exceed a reasonable time in discontinuing an eminent domain action and it inserted in the 1951 amendment a right to a landowner to collect any actual damage sustained by him.

■ It is probably correct, as the landowner in this case argues, that the equities here are very much in his favor. As soon as the appropriating ordinance was passed the City had the right to take possession of the land, Act of June 28, 1951, P.S. 662, § 28, 53 P.S. § 37807, but the City did not take possession. This left the land as a kind of no-man's land where the right of possession was uncertain and where it was unlikely that the property would be properly maintained. The present action, however, is a legal and not an equitable one and the rights and responsibilities of the parties are controlled by the applicable Pennsylvania statutory law. The inequities, if any, to the landowner do not compel a holding that the City of Bethlehem was without the legal right to discontinue the eminent domain proceedings at the time that it did in the present case. If the landowner has suffered "actual damage" as a result of the discontinuance of the proceedings, he is entitled to be compensated for all of it.

The landowner's contention that the repealing ordinance of August 7, 1962 was invalid and ineffective is without merit. The City's motion to dismiss will be granted as to the first count in the amended complaint. The second count of the complaint which claims damages of the landowner for his "actual damage" resulting from the eminent domain proceedings and the subsequent discontinuance is a proper one under the 1951 statute and as to it the motion to dismiss will be denied. What the actual damage will be will have to be determined at the trial in accordance with the rulings of the trial judge.

