## Commonwealth *v.* Kline, Appellant.

*Road law—Nuisance—Obstructing street—Act of April* 3, 1867.

The mere plotting of a street vests in the public no right of user; proceedings to open are necessary before a plotted street becomes an actual highway.

A person cannot be convicted on an indictment for obstructing an alley in the city of Altoona, where it appears that, although the alley was on the plan annexed to the report made by commissioners under the act of April 3, 1867, P. L. 705, incorporating the city, the alley was never actually opened.

The act was not intended to take the opening of streets out of the hands of the city government, or to divest the court of quarter sessions of its jurisdiction, but to provide the city with a general plan upon which it could work in the care of existing streets, and in the opening of new ones.

The report of the commissioners was notice of an intention to appropriate the land covered by the plotted streets for use as highways whenever that should become necessary, but it did not presently disturb the owner's possession, or confer a right of user on the public.

Argued April 18, 1894.   Appeal, No. 106, Jan. T., 1894, by defendant, John G. Kline, from judgment of Q. S. Blair Co., Oct. T., 1892, No. 65, on indictment for nuisance.    Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ. Reversed.

Indictment for obstructing street.   Before Landis, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

" [We say to you, taking the act of assembly as it reads and taking the report of the commissioners appointed by that act, which was confirmed by the court of quarter sessions and ordered to be placed upon the records of the county, that that was an official act authorized by law; that it determined Fifth and Sixth avenues and Fourth and Fifth streets, and that the alley between them should be opened; and where they fixed and located the lines of these avenues and that alley at that time, those are to be the lines now, except so far as altered by the city on Sixth avenue or Fifth avenue in their proceedings under some other act.]   If it had been shown here that the

city of Altoona, by any proceedings under the statute, which
are provided for in such cases, had altered the line of the alley
reported by the commissioners, then we would have been com-
pelled to conform to that alteration so made under the statute;
but there is no evidence here of any such proceeding to alter
the lines of the alley; and hence we say the question here to
be determined is this: Where now is the alley which was
then reported by the commissioners? In order to ascertain
where a survey is upon land, as reported by the surveyor on
the map or plot, the first thing that a surveyor must do is to
go upon the land and find, if he can, the marks upon the land.
They control it. If there had been any monuments of any
kind raised by the surveyor in 1871, when this alley was laid
out, which are there now, they would have fixed it irrevoca-
bly. Inclosing fences or any other structure, except the monu-
ments or lines fixed then, would not be likely to have and
would not have any tendency or effect towards altering the
lines as fixed by those monuments on the ground. When the
surveyor went on the ground he found no marks. He found
an open alley; he found fences erected along the line, mark-
ing out the alley; and he found that the general line of the
alley was crooked and had abrupt breaks in it and that the
line of the alley deflected, up towards Fourth street. He was
unable, therefore, to locate the alley from any marks on the
ground. When a surveyor cannot find marks on the ground
by which to locate a survey, then the next resort is to the calls
and courses and distances exhibited on the plot or map, and
to finding the proper starting point, so as to make his observa-
tions on the land accord and correspond with the calls of the
survey. But, in this case, when he comes to look at the offi-
cial map, he finds that no courses and distances are given, so
that he cannot locate the survey in that way; and he fails,
therefore, to locate it. Then, if there are no marks upon the
ground and there are no calls or courses and distances in the
official plot, how did the original owners of these lots come to
have an alley? How was this present alley actually opened
and put through these tiers of lots? Now, all the deeds, in-
cluding the deed of Mr. Kline, call for an alley; and in some
way the alley was laid out and recognized by common consent
of all the abutting owners, including Mr. Kline. The com-

monwealth claims that he himself so recognized it, because they claim that he once put a building over on the alley, and, on complaint being made, he afterwards removed it. They also claim to have shown that when he bought this lot of ground there was on the rear end of the lot a small building, and that the fence ran over to a coalhouse which formed, the commonwealth claim, substantially the line of the alley, where the commonwealth say now the line of the alley is or should be. This the commonwealth claim to have shown. You will remember what was said and consider it. The commonwealth further claim that they have shown that the fences of all the owners are practically now where they always have been; and that the general present line of the alley is substantially the line of the maps as reported and recorded in the recorder's office, which was shown to be a bent or deflected line."

Verdict, guilty, and judgment. Defendant appealed.

*Error assigned* was in instructing the jury as in brackets, quoting only the substance of the extract; in not properly submitting the question of the guilt or innocence of the defendant to the jury on all the evidence in the case; in refusing motion for new trial; and in passing sentence.

*A. V. Dively,* for appellant, cited: Burns v. Com., 129 Pa. 138; Hutchison v. Altoona, No. 116, Jan. T., 1882, unreported.

*W. S. Hammond,* district attorney, *N. P. Mervine* with him, for appellee, cited: Schenley v. Com., 36 Pa. 62; Pearl Street, 111 Pa. 565; Ferguson's Ap., 117 Pa. 427.

Opinion by Mr. Justice Williams, July 11, 1894:

The nuisance complained of in this case was the obstruction of an alleged public alley in the city of Altoona. The conviction or acquittal of the defendant depended upon whether the alley obstructed was a public highway; and this question, as the case was tried, depended on the construction of certain provisions in the act of assembly under which the city was incorporated.

The twenty-first section of that act provided for a commission of several members, with authority to employ competent

engineers and draughtsman, and charged them with the duty of making a general survey of all the territory included within the city limits, and a map or plot thereof. Upon this map they were to designate the several avenues, streets, lanes, and alleys then existing on the plot of Altoona borough, and to designate "where new avenues, streets, lanes and alleys should be opened." They were directed to lay out new avenues, streets, lanes and alleys "so as to conform as nearly as possible in their courses and distances" to those already existing in the borough of Altoona and the villages of Loudon and Loganstown which were included within the city limits. Having thus ascertained the location of existing streets and indicated where new ones should be opened, they were to return their work, with a map or plot, to the court of quarter sessions of Blair county for approval. When the approval of the court was formally made, the report was to be recorded in the office of the recorder of deeds, and thereupon the new avenues, streets, lanes and alleys so designated and plotted were to be "deemed, taken and allowed to be, public avenues, streets, lanes and alleys of the city of Altoona and to be hereafter opened as is hereinafter directed by the provisions of this act." The commissioners entered upon the work assigned to them, and prepared a map of the city showing existing streets therein, and the new ones laid out by them. Their report was submitted to the court of quarter sessions, approved and recorded. Among the new streets appearing on their map were Fourth and Fifth streets, and an alley extending from one of these streets to the other. The alley was without courses or distances or any note indicating its actual location on the ground. No monument or mark of a survey appears on the surface. Lines indicating the position of the alley appear on the map, but the existence of these lines on the paper is all the evidence which the court and jury had to show that it was ever surveyed. It does not appear that the city ever opened the alley to the public, or that any action was ever taken in the quarter sessions to open it. Under this state of the evidence the commonwealth contended, and the court below held, that the report of the commissioners was conclusive of the question; and that the alley was a public highway which it was an indictable offence to obstruct, because it appeared, although without courses or distances or other description, on the recorded plot of the city.

This ruling is the error assigned. The twenty-first section of the act incorporating the city of Altoona was intended to provide the new city with a system of streets, avenues, lanes and alleys in conformity with the system already established by the borough. The old streets were to be extended, and the new ones were to be laid out with reference to them. The act was not intended to take the opening of streets out of the hands of the city government or to divest the court of quarter sessions of its jurisdiction, but to provide the city with a general plan upon which it could work in the care of existing streets and in the opening of new ones. This is apparent from the phraseology of the section in speaking of the effect of the report of the commissioners, when it is approved and recorded, upon the new streets appearing on it. It declares that such new avenues, streets, lanes and alleys shall be " deemed, taken, and allowed, to be public streets of the city," not to be thereupon opened for public travel, but "to be hereafter opened as hereinafter directed by the provisions of this act." It was the purpose of the draughtsman of this act to make provision in a later section of the act for the opening of these plotted streets when needed, but he failed to do so. The opening of these streets and alleys remains therefore under such general regulations as are applicable to cities of the third class. Until they are opened on the ground, they are simply plotted streets of which the owner of the ground over which they pass must take notice. He may use his ground until the city enters upon it, but if he puts any building or structure upon it after the street is plotted and its route recorded, he will not be allowed to recover for its value or for the cost of its removal. If upon the recording of the report all the new avenues, streets, lanes and alleys became at once public highways, then the landowners were entitled to their damages, if any were sustained by them by reason of the opening of such streets; and the statute of limitations would begin to run against them from the date of the recording. They might be in the undisturbed possession of the land while the statute was running, and find themselves barred of their right of action long before their actual possession was disturbed. Again if the report operated as an opening to public use, interest would begin to run against the city upon the damages sustained by

the landowner from the date of the recording of the report. But interest begins to run only from the date of the actual taking: Weiss v. The Borough of Bethlehem, 136 Pa. 294. The mere plotting of a street vests in the public no right of user. Proceedings to open are necessary before a plotted street becomes an actual highway: Commonwealth v. The Railroad Company, 135 Pa. 256. The report of the commissioners was notice of an intention to appropriate the land, covered by the plotted streets, for use as highways whenever that should become necessary; but it did not presently disturb the owner's possession or confer a right of user on the public.

If that is all the proof of actual appropriation by the city which the commonwealth has to offer, it is not enough, and the defendant is entitled to an instruction in his favor. The position that because the city took land from the defendant at one end of his lot, he may inclose against the public at the other end is of course untenable. The learned judge was quite right in his instruction to the jury, except as to the effect of the recorded report of the commissioners. In this he was mistaken.

The judgment is reversed and a venire facias de novo awarded.