## Steckel v. Strickland

*Butz, Hudders & Tallman,* for plaintiffs.

*J. Joseph McCluskey* and *Gelb, Notarianni & Mullaney,* for defendants.

WILLIAMS, P. J., January 29, 1971.—This petition to stay execution has been filed by Edmund A. Strickland, who is one of several defendants in a trespass action brought in the Court of Common Pleas of Lackawanna County, Pa., to November term 1968, no. 473, by Francis Steckel and Mary Ellen Steckel, husband and wife, against Anna Louise Strickland and Edmund A. Strickland, husband and wife, individually and trading as Strickland's Mountain Inn

and Cottages, Land O'Lakes Creameries, Inc., Edanne, Inc., and Eastern Hotel & Restaurant Purveyors, Inc.

The action arose from an incident at Strickland's Mountain Inn, about August 21, 1968, when the wife-plaintiff became ill after eating turkey contaminated with salmonella. The turkey had been processed by Land O'Lakes Creameries, Inc., sold to Eastern Hotel & Restaurant Purveyors, Inc., and distributed by the latter to Strickland's, where it was prepared for consumption. At trial, a nonsuit was entered in favor of Edanne, Inc. On October 13, 1970, the jury rendered a verdict of $75,449.50 in favor of plaintiffs against only two defendants: Strickland's Mountain Inn and Cottages, and Land O'Lakes Creameries, Inc. The verdict provided that each of said defendants should be responsible for one-half of the payment of the said verdict.

Defendant Strickland's Mountain Inn and Cottages filed no posttrial motions, but defendant Land O'-Lakes Creameries, Inc., on October 19, 1970, filed motions for judgment n.o.v. and for a new trial. These motions are still pending.

Eight days later, on October 27, 1970, plaintiffs entered judgment for the entire amount of $75,449.50 in the office of the Prothonotary of Lackawanna County against Anna Louise Strickland and Edmund A. Strickland, husband and wife, individually and trading as Strickland's Mountain Inn and Cottages. Plaintiffs admit entry of the judgment, but assert that this step was taken only after defendant advised them that Strickland's would not contest the verdict and that they were quite satisfied with the result.

On November 30, 1970, plaintiffs caused the instant writ of execution to be issued by the Prothonotary of the Court of Common Pleas of Lackawanna County. As permitted by Pa. R. C. P. 3103(b), the

writ was addressed to the Sheriff of Monroe County and lodged directly with him for execution on December 3, 1970. On the same day, this court granted defendant the instant rule upon plaintiffs to show cause why execution of the writ should not be stayed and the writ set aside.

Pa. R. C. P. 3121(b) confers upon this court the discretionary power to stay execution where a defendant is able to demonstrate either (1) that the writ, levy or service is defective, or (2) that there is any other legal or equitable ground for doing so.

Since this judgment was entered eight days after defendant Land O'Lakes Creameries, Inc. filed motions for judgment n.o.v. and new trial, it is obvious that counsel for plaintiffs acted with full notice that their judgment may be affected by the future adjudication of the posttrial motions.

What are the necessary implications of this fact? Awarding a new trial does not inexorably require the relitigation of all issues with respect to all parties. The trial court has discretionary power, after carefully examining the pleadings and the evidence presented at the first trial, to impose proper limitations upon the scope of the new trial with respect to selected issues such as *damages* (Daugherty v. Erie Railroad Company, 403 Pa. 334, 169 A.2d 549 (1961); Berkeihiser v. Di Bartolomeo, 413 Pa. 158, 196 A.2d 314 (1964); Nakles v. Union Real Estate Company of Pittsburgh, 415 Pa. 407, 204 A.2d 50 (1964); Troncatti v. Smereczniak, 428 Pa. 7, 235 A.2d 345 (1967)); *liability* (McArthur v. Balas et al., 402 Pa. 116, 166 A.2d 640 (1961)) and also *the obligation of one or more of several defendants:* Burchard v. Seber, 417 Pa. 431, 207 A.2d 896 (1965); Amati v. Williams, 211 Pa. Superior Ct. 398, 236 A.2d 551 (1967); Bowie et al. v. Shelton et al., 214 Pa. Supe-

rior Ct. 107, 251 A.2d 667 (1969); and Doytek v. Bobtown Rod & Gun Club, 216 Pa. Superior Ct. 368, 268 A.2d 149 (1970).

Where abuse of discretion is demonstrated, the action of the trial court will be reversed, either in directing selective treatment (Gagliano et al. v. Ditzler, 437 Pa. 230, 263 A.2d 319 (1970); Phelps v. Paul L. Britton, Inc., et al., 412 Pa. 55, 192 A.2d 689 (1963)), or in denying selective treatment: Sternberg v. Dixon et al., 411 Pa. 543, 192 A.2d 359 (1963); Hill v. Gerheim, 419 Pa. 349, 214 A.2d 240 (1965). See, generally, Annotation, Separate Trial of Issues, 85 A. L. R. 2d 9.

Counsel for plaintiffs assert that they are entitled to recover the fruits of their judgment now because (a) defendant Strickland's failed to file any posttrial motions, and (b) the power of the court to modify that judgment expired on December 6, 1970, with the end of the term. They cite Frank v. W. S. Lozier & Co., Inc., 361 Pa. 272, 277, 64 A.2d 829, 831 (1949), where Mr. Justice (later, Chief Justice) Horace Stern said:

". . . [O]rdinarily a plaintiff should not be compelled to lose his judgment against one defendant because other defendants may be entitled to a new trial or because the court is of opinion that the verdict should also have been against a codefendant who was exculpated by the jury . . ."

The judgment there referred to, unlike the one in this case, was entered on the verdict by the court against one joint defendant simultaneously with the grant of a new trial as to two other joint defendants. The power of the trial court to grant a new trial as to all issues and all defendants cannot be circumscribed by the fact that one of several defendants did not file a timely posttrial motion within the term.

In Bergen et ux. v. Lit Brothers et al., 354 Pa. 535, 537, 538, 47 A.2d 671, 673 (1946), cited by counsel for defendant, the jury awarded wife-plaintiff a verdict of $2,500 against defendant Lit Brothers, and $250 against each of two individual defendants. The corporate defendant moved for a new trial. Pending the hearing on this motion, wife-plaintiff entered judgment on her verdicts against Smith and Bauer. The court granted a new trial as to all defendants and struck off the judgments entered against the individual defendants. Plaintiffs appealed, and the action of the trial court was affirmed both by the Superior Court and the Supreme Court, where Mr. Justice (later, Chief Justice) Horace Stern said:

"The trial court granted the new trial in favor of Lit Brothers . . . It certainly had the power—indeed, 'feeling' as it did, the duty—of awarding a new trial to Lit Brothers; apparently this is not seriously questioned. What appellants deny is its right to grant similar relief to the individual defendants in view of the fact that they had not asked for it. But the right of a court to order a new trial of its own motion is indisputable: Gallagher v. Blankenburg, 248 Pa. 394, 400, 94 A. 132, 134; Commonwealth v. Jones, 303 Pa. 551, 554, 154 A. 480, 481, 482; Brown v. George, 344 Pa. 399, 401, 25 A.2d 691, 692, Trerotola v. Philadelphia, 346 Pa. 222, 226, 29 A.2d 788, 789, Dempsey v. First National Bank of Scranton, 353 Pa. 473, 46 A.2d 160, 161; Gerber v. Jones, 151 Pa. Superior Ct. 489, 491, 494, 495, 30 A.2d 534, 536, 537. And so, where there are several defendants, if the court is of opinion that the interests of justice require it, it may order a new trial as to *all* the parties on the record, although there are some who have not complained of the verdict against them: Brogan v. Philadelphia, 346 Pa. 208, 210, 29 A.2d 671, 672; Gerber v. Jones, 151 Pa. Superior Ct. 489, 492, 30 A.2d 534, 536."

In Lorenz v. Caste Development Company, 368 Pa. 131, 138, 81 A.2d 887 (1951), the jury awarded a verdict of $71,961.25 against defendant Manufacturers Light and Heat Company but in favor of defendants Caste Development Company and Walter B. Gehr. After the light company had moved for a new trial, the court granted a new trial as to all three defendants. Caste Development Company appealed but the Supreme Court affirmed and Mr. Justice (later, Chief Justice) Horace Stern said:

"Ordinarily, where there are several defendants, *if the record shows that the interest of justice requires a new trial as to all of them*—as the court below here said that it did—an order to that effect will not be disturbed on appeal: [Citing cases]." (Italics supplied.)

Finally, there is no merit in the contention of counsel for plaintiffs that the trial court's power to order a new trial with respect to defendant Strickland's expired with the end of the term on December 6, 1970. At the present time, and until the trial court determines otherwise, the fortunes of both defendants are procedurally linked together. The posttrial motions of the codefendant were filed timely and within the term. The trial court bears the responsibility to dispose of them with due regard to fairness to all parties, and this objective cannot be accomplished without exposing defendant Strickland's to the possibility of a new trial, even though such exposure was not requested.

Only one Pennsylvania case has been found which demonstrates what must happen to execution process issued to recover upon a judgment which was entered on the verdict against one defendant while the codefendant's motion for a new trial remained pending and unsolved: Anstine et al. v. Pennsylvania Railroad Company et al., 352 Pa. 547, 43 A.2d 109 (1945).

There, plaintiff obtained a $20,000 verdict against two joint defendants. One, the railroad company, moved for a new trial; the other, Davis, did not. While the motions were still pending, plaintiff Anstine, as did plaintiffs in the instant case, entered judgment for the full amount of the verdict against Davis. Subsequently, the trial court ordered a new trial unless Anstine would remit $10,000. Plaintiff chose to accept the reduced amount, filed the remittitur and entered judgment against the railroad company for $10,000. Plaintiff collected this sum in full with interest and marked the judgment to the use of the railroad company. Meanwhile, plaintiff was endeavoring, by issuing execution process in the United States District Court, to collect the $20,000 judgment against Davis. The railroad company obtained a rule upon Anstine, Davis and his insurer, to show cause why the $20,000 judgment should not be reduced to $10,000 and marked to the use of the railroad company. The rule was made absolute and the Supreme Court affirmed.

The foregoing authorities support the conclusion that a judgment taken against one joint defendant while the motion of a codefendant for a new trial remains unresolved is *voidable;* but, under a more recent ruling by the Pennsylvania Supreme Court, such a judgment is *void:* Moore v. Quigley, 402 Pa. 636, 638, 639, 168 A.2d 334, 336 (1961), where Mr. Chief Justice Jones said:

"It is plain beyond question that the judgment in this case was entered prematurely. In Lance v. Bonnell, 105 Pa. 46, 47 (1884), this court stated, 'The rule of practice in the court below required that the motion for a new trial should be submitted within four days from the rendition of the verdict, and until after the expiration of that time judgment could not be entered.' The time allotted for filing new trial

motions is regulated by local rule of court and not by statute. Whatever period may be fixed by local rule for the filing of such motions, a judgment should not be entered until the time prescribed for such filing has expired, and *where a motion for a new trial is filed within the allotted time, judgment cannot, of course, be entered until the motion is disposed of by the court's refusal of a new trial.* In Moravian Seminary v. Bethlehem Borough, 153 Pa. 583, 587, 26 Atl. 237 (1893), Mr. Chief Justice Sterrett, speaking for the court, declared that 'The entry of judgment, on the day the verdict was rendered, was of course irregular and unauthorized, and could not stand in the way of a motion for new trial made within the prescribed time . . .' In that case the plaintiff sought a mandamus execution on a judgment entered on the day the verdict was rendered. The court below refused to award the execution, which action the plaintiff assigned, inter alia, for error on appeal. With respect to that, as this court said, 'it is sufficient to say that *the plaintiff was not entitled to execution process without a valid judgment to support it.* From what has already been said it sufficiently appears that it never had any such judgment.' The reason for the nullity is that the judgment was entered before the time for filing a motion for a new trial had expired.

"Such is the current procedural situation in the instant case. The judgment, having been entered before the time for filing a new trial motion had expired, is void and of no legal effect: Moravian Seminary v. Bethlehem Borough, supra. Consequently, the present appeal is abortive as having been taken from an invalid judgment. But, since the plaintiff's new trial motion has been disposed of by the lower court's refusal thereof, a valid judgment may *now* be entered from which an appropriate appeal could be

taken. Cf. Moravian Seminary v. Bethlehem Borough, supra, at p. 589." (Italics supplied.)

This decision has been recognized as a correct statement of the present Pennsylvania, as distinguished from the Federal, practice.

In Marcelletti & Son Construction Co., Inc. v. Millcreek Township Sewer Authority, 313 F. Supp. 920, 924, 925 (W.D. Pa., 1970), District Judge Weber said:

"Under Pennsylvania practice no judgment is entered until post-trial motions are disposed of and then judgment is entered by the direction of the party in whose favor judgment is rendered by the filing of a praecipe with the Prothonotary and payment of the jury fee. In the United States District Court judgment is entered by the Clerk forthwith upon the return of a verdict, Fed. R. of Civ. P. 58. Fed. R. of Civ. P. 62(a) provides an automatic stay of execution for ten days.

"Thereafter, under Fed. R. of Civ. P. 62(b), further stay is only on direction of court and on such conditions for security as the court deems proper, pending disposition of a motion for new trial.

"Thus under Pennsylvania practice there is no judgment until after the disposition of the new trial motions, and there being no judgment there can be no execution. Moore v. Quigley, 402 Pa. 636, 168 A.2d 334."

Some indication of the continuing vitality of that authority may be found in the more recent decision of Hafer v. Schauer et al., 429 Pa. 289, 302, 239 A.2d 785, 792 (1968), where Mr. Justice Roberts said, in a dissenting opinion:

"Under Moore v. Quigley, 402 Pa. 636, 168 A.2d 334 (1961) plaintiff *cannot* enter judgment on his verdict *until* the new trial motions have been adjudicated."

We find that the judgment entered against Strickland's Mountain Inn and Cottages is void because it was entered while a motion for a new trial was pending. This is true as to Strickland's Mountain Inn and Cottages which did not file a posttrial motion since where there are several defendants, if the court is of the opinion that the interests of justice require, it may order a new trial as to all the parties on the record although there are some who have not complained of the verdict against them. See Brogan v. Philadelphia and Gerber v. Jones, supra.

Since we have found the judgment invalid, it will not support the writ of execution issued upon it and the writ of execution must be stayed.

Defendant has averred a number of possible defects in the writ of execution which it is not necessary that we pass upon in light of our finding that the judgment was invalidly entered.

We enter the following

### ORDER

And now, January 29, 1971, the rule to show cause why the writ of execution issued on November 30, 1970, should not be stayed or set aside is hereby made absolute and the said writ is hereby stayed until final disposition in Lackawanna County of the pending motion for new trial.