441 A.2d 756

**The LAUREL NATIONAL BANK, Appellant,**

v.

**MUTUAL BENEFIT INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Feb. 5, 1982.

---

Edward Peduzzi, Ebensburg, for appellant.

R. Thomas Strayer, Johnstown, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

The instant appeal comes to us as a result of an order of the lower court awarding appellant, Laurel National Bank ("Laurel Bank"), insurance coverage as mortgagee under one mortgage but denying it coverage on the same property and under the same policy under its second mortgage. Laurel Bank contends that both mortgages should be covered by the insurance policy and that the amount due under the policy should not be limited to its preforeclosure debt.

Laurel Bank filed a complaint in assumpsit against Mutual Benefit Insurance, which case came on for trial before the Honorable Eugene A. Creany in the Court of Common Pleas of Cambria County on May 3, 1978, non-jury. On January 2, 1979, Judge Creany entered an order directing that Mutual

Benefit Insurance Company pay to the Laurel National Bank the sum of $25,000.00, representing the pre-foreclosure value of the first mortgage. In compliance with Pa.R.C.P. 1038, exceptions were filed, briefed and argued and on June 15, 1979 the exceptions were dismissed *en banc.*

Laurel Bank took a direct appeal to this court from such order entered on June 15, 1979. Final judgment was not entered.

As we said in *Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 435 A.2d 1301 (1981):

> Orders dismissing exceptions following nonjury trials are interlocutory and nonappealable until judgment has been entered on the docket. *See, e.g., Heffner v. Bock*, 287 Pa.Super. 345, 430 A.2d 318 (1981); *Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 429 A.2d 659 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981); *Penstan Supply Co. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981). Similarly, orders dismissing post-trial motions following jury trials are interlocutory and nonappealable until entry of final judgment. *See, e.g., Slagter v. Thrifty Clean, Inc. (Slagter v. Mix)*, 441 Pa. 272, 272 A.2d 885 (1971); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981); *Brogley v. Chambersburg Engineering Co.*, 283 Pa.Super. 562, 424 A.2d 952 (1981). These decisions rest upon Rule 301 of the Pennsylvania Rules of Appellate Procedure, which provides in pertinent part:

> > (a) Entry upon docket below. No order shall be appealable until it has been entered upon the appropriate docket in the lower court . . . .

> > . . . .

> > (c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an

appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken. Appellate Rule 301 intermeshes with the provisions of the Rules of Civil Procedure governing post-trial motions practice. For example, all post-trial motions or exceptions must be filed within ten days after the verdict or decision by the court. *See* Pa.R.Civ.P. 227.1 (jury trials), and 1038(d) (non-jury trials). Together, these rules provide essentially uniform procedural prerequisites for appeals in civil actions at law. *See Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority, supra* 291 Pa. at 404, 435 A.2d at 1289. *See also E. J. McAleer & Co. v. Iceland Products, Inc.*, 475 Pa. 610, 612 n.2, 381 A.2d 441, 442 n.2 (1977); Explanatory Note to Pa.R.Civ.P. 227.1.

*Id.*, 291 Pa.Super. at 430, 435 A.2d at 1302–03.

Appeal quashed.