444 A.2d 141

Seth DONSON, Appellant,

v.

William F. SATTERTHWAITE and Margaret M. Satterthwaite.

Seth DONSON

v.

William F. SATTERTHWAITE and Margaret M. Satterthwaite, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed April 12, 1982.

David T. Rammler, Philadelphia, for appellant in No. 1357 and for appellee in No. 1393.

Allen Weinberg, Philadelphia, for appellants in No. 1393 and for appellees in No. 1357.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

BROSKY, Judge:

These cross appeals stem from an action commenced by Seth Donson to recover the sum of $2,600 from the Satterthwaites, whose tenant he had been. The sum sought to be recovered was a security deposit made by a group of students who leased the premises in question. The Satterthwaites filed a counterclaim for damages to the property in excess of the deposit. The trial court, sitting without a jury, found in favor of the defendant landlords on the complaint and the tenants on the counterclaim. Both parties have appealed. Neither party has filed exceptions to the decision of the lower court nor has judgment been entered. The appeals are quashed.

■ To appeal the decision of the trial court sitting without a jury, the appellants must have filed exceptions and final judgment must have been entered.

Pa.R.C.P. 1038 governs trials held without juries. It provides in pertinent part:

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to

evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. *Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters.* No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed. (Emphasis added.)

See *Blake v. Mayo Nursing and Convalescent Home, Inc.*, 245 Pa.Super. 274, 369 A.2d 400 (1977); *Matczak v. Matczak*, 275 Pa.Super. 164, 418 A.2d 663 (1980).

■ Even had exceptions been filed and denied, the appeal would have to be quashed for failure to enter final judgment. An appeal from an order dismissing exceptions is interlocutory and unappealable. *Coren v. Didomencio*, 291 Pa.Super. 331, 435 A.2d 1252 (1981); *Penstan Supply, Inc. v. Hay*, 283 Pa.Super. 558, 424 A.2d 950 (1981).

Appeals quashed.