468 A.2d 509

**Daniel B. MURPHY**

**v.**

**George BRONG and Martha Brong, H/W**

**and**

**Dennis N. Sakelson, Appellant.**

**Appeal of Dennis N. SAKELSON.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1983.

Filed Nov. 25, 1983.

Raymond B. Reinl, Willow Grove, for appellant.

John G. Younglove, Willow Grove, for Murphy, appellee.

Frederick C. Horn, Lansdale, for Brong, et al., appellees.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

PER CURIAM:

Appellant, Dennis N. Sakelson, seeks review of two orders of the Court of Common Pleas of Montgomery County entered on September 2, 1981, dismissing both his "Petition for Waiver of Montgomery County Rule 252 and Rule 301(d)" and his exceptions to a verdict entered by the court on June 5, 1980. For the reasons hereinafter expressed, we are constrained to quash this appeal.

Daniel B. Murphy filed a complaint in assumpsit on January 18, 1978, against Mr. and Mrs. George Brong seeking to recover broker's commissions allegedly due on

the sale of a business by the Brongs. The Brongs joined Dennis N. Sakelson, the appellant herein, as additional defendant, alleging that appellant was solely liable to the plaintiff. Trial was held before the distinguished Judge William W. Vogel sitting without a jury and a verdict was rendered in favor of the plaintiff and against the defendants, George and Martha Brong, and the additional defendant, Dennis N. Sakelson in the amount of $11,200.00. After exceptions had been filed by the defendants and by the additional defendant, Judge Vogel, in a supplemental order entered on June 5, 1980, rendered a verdict in favor of the defendants, Mr. and Mrs. Brong and against the additional defendant Dennis N. Sakelson, in the amount of $11,200.00.

On June 16, 1980, appellant filed exceptions to the supplemental order of Judge Vogel. Thereafter, while the exceptions were still outstanding, counsel for the Brongs first advised all parties of his intent to enter judgment on the verdict and subsequently proceeded to enter judgment on August 19, 1980 in favor of the plaintiffs and against the defendants and the additional defendant. Notice of the entry of judgment was sent to all parties pursuant to Pa.R.C.P. 236. It was not until six months later, on February 23, 1981, that appellant filed a motion to strike the judgment, averring that it was improperly entered as his exceptions to the verdict were still outstanding. An answer to the motion to strike was filed by plaintiff on April 10, 1981. Prior to any disposition by the court of the motion to strike, appellant filed a petition on July 8, 1981, captioned "Petition for Waiver of Montgomery County Rule 252 and Rule 301(d) of the Rules of Civil Procedure" seeking to be excused from compliance with the local rules based upon financial inability. Both the plaintiff and the original defendants denied the averment by appellant of financial inability and appellant filed no depositions or affidavits in support of his petition. On September 2, 1981, Judge Vogel dismissed the petition of appellant as well as his outstanding exceptions to the supplemental order. On September

29, 1981, appellant filed a notice of appeal from the order entered by Judge Vogel on September 2, 1981.

■ Although none of the parties have raised the propriety of this appeal, the appealability of an order goes to the jurisdiction of the appellate court and may be raised *sua sponte. Davanzo v. Finelli*, 293 Pa.Super. 70, 72, 437 A.2d 995, 996 (1981); *Turner v. May Corp.*, 285 Pa.Super. 241, 245 n. 2, 427 A.2d 203, 204 n. 2 (1981); *Penstan Supply Inc. v. Hay*, 283 Pa.Super. 558, 560, 424 A.2d 950, 951 (1981).

■ "An order dismissing exceptions following a trial without jury is in the same category as an order refusing a new trial. It is interlocutory and unappealable. The appeal should not be filed and may not be entertained *until a final judgment is entered." Penstan Supply, Inc. v. Hay, supra*, 283 Pa.Superior Ct. at 561, 424 A.2d at 951 (footnote omitted) (emphasis supplied). *Accord Donson v. Satterthwaite*, 297 Pa.Super. 496, 497–498, 444 A.2d 141, 143 (1982); *Laurel National Bank v. Mutual Benefit Insurance Co.*, 295 Pa.Super. 255, 256–257, 441 A.2d 756, 757 (1982); *Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 429, 435 A.2d 1301, 1302 (1981); *Coren v. DiDomenico*, 291 Pa.Super. 331, 332–333, 435 A.2d 1252, 1253 (1981). The requirement that judgment be docketed is jurisdictional. *Coren v. DiDomenico, supra*, 291 Pa.Superior Ct. at 333, 435 A.2d 1253; *Unterberger v. Life Assurance Company of Pennsylvania*, 286 Pa.Super. 469, 470, 429 A.2d 34, 35 (1981). It is from the final judgment, properly entered upon the docket, that the appeal must be taken. *See Mitchell's Family Restaurant Inc. v. Schaeffer*, 293 Pa.Super. 467, 468–469, 439 A.2d 205, 206 (1981); *Davanzo v. Finelli, supra* 293 Pa.Super. at 72, 437 A.2d at 996; *Gaertner v. F. Jay Smith, Inc.*, 291 Pa.Super. 341, 435 A.2d 1257 (1981); *Slaseman v. Myers*, 285 Pa.Super. 167, 427 A.2d 165 (1981). *See also* 2 Goodrich-Amram 2d § 1038(b):1.

■ While judgment in the instant case was entered on the docket, it was entered on August 19, 1980, more than one year prior to the filing of the notice of appeal. Pa.R.

A.P. 903(a) requires that a notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Untimely appeals present a jurisdictional issue and must be quashed. *Strickler v. United Elevator Co., Inc.,* 257 Pa.Super. 542, 549 n. 4, 391 A.2d 614, 617 n. 4 (1978); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 199, 378 A.2d 893, 895 (1977). However, the entry of judgment in favor of the plaintiff while the exceptions were still outstanding was premature and, therefore, the judgment is void. *Moore v. Quigley,* 402 Pa. 636, 639, 168 A.2d 334, 336 (1961); *Centrone v. Tuchinsky,* 294 Pa.Super. 331, 332, 439 A.2d 1226, 1227 (1982). *See also* Pa.R.C.P. 1038(e). "Consequently, the present appeal is abortive as having been taken from an invalid judgment. But, since the plaintiff's [exceptions have] been disposed of by the lower court's refusal thereof, a valid judgment may now be entered from which an appropriate appeal could be taken." *Moore v. Quigley, supra* 402 Pa. at 639, 168 A.2d at 336.

While we are constrained to quash this appeal as a result of jurisdictional defects, we note that the order from which this appeal was taken would appear to be a proper exercise of the discretion of the trial judge, pursuant to the *amended* Montgomery County Rule 301(d). The opinions of the Supreme Court in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983) and *DeAngelis v. Newman,* 501 Pa. 144, 460 A.2d 730 (1983) and the decision of this Court in *Ricci v. Ricci,* 318 Pa.Super. 445, 465 A.2d 38 (1983) would not, therefore, be dispositive of this appeal since those decisions reviewed the prior Montgomery County Rules 301(d) and 302(d) which prohibited the exercise of discretion by the court and required that mandatory sanctions be imposed.

Appeal quashed. Jurisdiction is relinquished.

WIEAND, J., filed dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I would remand for entry of judgment on the verdict and retain jurisdiction meanwhile.

In this manner, an appellate determination of the merits can be made expeditiously.