J-E02003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EUGENE AND DEBRA KENNEDY, SYLVIA AND DONALD WILDAUER, PAUL AND PATRICIA ADACK, AND RICHARD AND MARILYN GURAL | : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| | | No. 3113 EDA 2016 |
| HORSESHOE POINTE, INC., B&B HOMES, INC. AND JOHN W. BENSON, III | | |
| Appellants | | |

Appeal from the Order Entered July 12, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
13-02605

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., SHOGAN, J.,
LAZARUS, J., STABILE, J., DUBOW, J., NICHOLS, J., and
McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 28, 2019**

Horseshoe Pointe, Inc. ("Horseshoe"); B&B Homes, Inc. ("B&B"); and

John W. Benson, III ("Benson") (collectively, "Appellants") appeal from the

Judgment entered in the Court of Common Pleas of Chester County in favor

of Paul and Patricia Adack ("the Adacks"), Sylvia and Donald Wildauer ("the

Wildauers"), and Marilyn Gural ("Gural") (collectively, "Appellees").[1]

Following careful review, we are constrained to quash this appeal.

---

[1] Eugene and Debra Kennedy ("the Kennedys") originally joined in the Amended Complaint but settled with Appellants prior to the disposition of the trial court.  The Kennedys are not part of this appeal.  Richard P. Gural, the husband of Marilyn Gural, was originally a party to the Amended Complaint but has since died.

In 2001, Appellees purchased newly constructed homes from Appellants. In 2010 and 2011, Appellees became aware of significant construction defects in their homes. Consequently, Appellees filed claims against Appellants sounding in Negligence, Breach of Implied Warranty, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[2]

Following a three-day non-jury trial, on November 9, 2015, the court entered Findings of Fact and, relevant to the instant appeal, a Verdict in favor of Appellees and against Appellants on the Breach of Implied Warranty claims and the UTPCPL claims. As part of the Verdict on the UTPCPL claims, the court granted monetary damages in addition to counsel fees to Appellees.[3] Notably, the court instructed that "Counsel may establish counsel fees by petition." Verdict, 11/9/15, at 5 n.5. Thus, the court did not fix the amount of counsel fees at the time it issued its Verdict.

On November 19, 2015, Appellants filed a timely Motion for Post-Trial Relief. Appellees filed an Answer on December 10, 2015. The trial court took no action on Appellants' Motion. Thus, it was deemed denied by operation of law on March 21, 2016. Pa.R.C.P. No. 227.4(b).

_____

[2] 73 P.S. §§ 201-1 – 201-9.3.

[3] The UTPCPL provides, in relevant part, that "[t]he court may award to the plaintiff . . . costs and reasonable attorney fees." 73 P.S. § 201-9.2.

On March 21, 2016, Appellees filed a Petition for Attorneys' Fees and Costs, to which Appellants filed an Answer on April 7, 2016.

However, before the court ruled on their Petition for Attorneys' Fees and Costs, Appellees filed a *Praecipe* to Enter Judgment on July 12, 2016. The Prothonotary entered Judgment on the Verdict that same day.

On July 25, 2016, the court issued an Order scheduling argument on Appellees' Petition for Counsel Fees for September 30, 2016.

On August 3, 2016, Appellants filed a Notice of Appeal. On August 8, 2016, the court ordered Appellants to file a Pa.R.A.P. 1925(b) Statement. On August 26, 2016, the trial court issued an Order canceling the September 30, 2016 hearing on Appellees' Petition for Counsel Fees.[4]

Appellants raise six issues on appeal. Before reaching the merits of Appellants' issues, we must first consider whether this Court has jurisdiction over the matter.

An appeal will lie only from a final order unless otherwise permitted by statute or rule. *See* Pa.R.A.P. 341. A final order is one that "disposes of all claims and of all parties." *Id.* An appeal taken from a premature judgment must be quashed. *Shonberger v. Oswell*, 530 A.2d 112, 113 n.1 (Pa. Super. 1987) (where trial court entered judgment prior to disposition of timely filed

---

[4] The court correctly opined in its Rule 1925(a) Opinion that Appellants' filing of the instant appeal divested the trial court of jurisdiction to rule on Appellees' Petition. Opinion, 11/17/16, at 3 n.7. *See also* Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . . the trial court . . . may no longer proceed further in the matter.").

post-trial motions, the judgment is premature and void.); ***Murphy v. Brong***, 468 A.2d 509, 511 (Pa. Super. 1983) (voiding a judgment, which was prematurely entered, and quashing the appeal taken therefrom).

Instantly, the trial court awarded Appellees counsel fees pursuant to the UTPCPL and contemplated further proceedings to fix the appropriate amount of fees. At the time Appellees filed their *Praecipe* to Enter Judgment, however, the court had not yet ruled on Appellees' outstanding Petition for Attorneys' Fees and Costs. Thus, the court had not resolved all claims as to all parties. This rendered Appellees' *Praecipe* and the subsequent entry of Judgment premature.

Because the Judgment in favor of Appellees was premature, and thus, void, we quash this appeal.

Appeal quashed.

President Judge Gantman, President Judge Emeritus Bender, Judge Panella, Judge Shogan, Judge Lazarus, Judge Stabile, and Judge McLaughlin join the memorandum.

Judge Nichols notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/19

- 4 -