J-A13035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRYN MAWR EQUIPMENT FINANCE INC., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY KANTOR, | : | |
| | : | |
| Appellant | : | No. 2175 EDA 2019 |

Appeal from the Judgment Entered October 22, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2018-05170

BEFORE:   BENDER, P.J.E., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 31, 2020**

Appellant Bradley Kantor appeals from the judgment entered October 22, 2019, in favor of Bryn Mawr Equipment Finance, Inc. (BMEF) and against Kantor in the amount of $60,951.84 plus costs, following a bench trial. We affirm.

This case arises from an Equipment Financing Agreement (Agreement) executed on or about June 7, 2016, between MD Capital Partners, Inc. (MDCP) as creditor, and Mobile Diagnostic Imaging, Inc. (MDI) as debtor,

_____

* Retired Senior Judge assigned to the Superior Court.

with Kantor as personal guarantor of debtor's obligations.[1] MDCP subsequently assigned the agreement to BMEF.

MDI agreed to make 60 monthly payments of $1,238.09, in addition to other terms. MDI made 16 payments of $1,238.09, but failed to make any payments after December 2, 2017, placing MDI in default under the terms of the Agreement. Due to MDI's default, BMEF declared all amounts due immediately pursuant to paragraph 12 of the Agreement. Because MDI had ceased operations, BMEF commenced this action against Kantor, as personal guarantor, for monies owed under the Agreement.

Paragraph 12 of the Equipment Finance Agreement provides as follows.

> If you do not pay any payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default. If any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may retain your security deposit and at our option, we can terminate or cancel this Agreement and require that you pay the unpaid balance of this Agreement (discounted at 6%). We may recover interest on any unpaid balance at the rate of 8% per annum. We may also use any of the remedies available to us under Article 2A of the Uniform Commercial Code [(UCC)] as enacted in the State of California or any other law. If we refer this Agreement to an attorney for collection, you agree to pay

---

[1] Although not entirely clear from the record, it appears Kantor was the President of MDI. *See* N.T., 6/27/2019, at 38, 41, Ex. A. On the same date the Agreement was executed, Kantor signed a personal guaranty of prompt payment and performance of all obligations under the Agreement. Complaint, 3/15/2018, at Ex. A (Guaranty, 6/7/2016).

our reasonable attorney's fees and actual court costs. If we have to take possession of the Equipment, you agree to pay the cost of repossession. The net proceeds of the sale of any repossessed Equipment will be credited against what you owe us under this Agreement. YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. It is further agreed that your rights and remedies are governed exclusively by this Agreement and you waive your rights under Article 2A (508-522) of the UCC. If your delinquency requires additional collection efforts, a charge will be assessed in accordance with our collection charge schedule.

Complaint, 3/15/2018, at Ex. A (Equipment Finance Agreement, 6/7/2016, at ¶ 12).

On September 10, 2018, Kantor filed a demand for a jury trial and preliminary objections, to which BMEF filed an answer on September 13, 2018. The trial court overruled Kantor's preliminary objections on October 26, 2018. Kantor filed an answer with new matter on November 19, 2018, to which BMEF replied on November 21, 2018. A bench trial was held on June 27, 2019.[2] The trial court summarized the evidence presented at trial as follows.

_____

[2] At the start of trial, the trial court heard argument from counsel for the parties and testimony from Kantor regarding waiver of a jury trial under the Agreement. The court ruled that a jury trial was waived under the Agreement and the matter proceeded as a bench trial. N.T., 6/27/2019, at 3-19.

MDI, and by extension, Kantor, is in default for 44 payments, plus late charges. BMEF's witness, James Zelinskie,[3] testified that 44 payments remain under the [A]greement. Of the remaining payments, 19 are delinquent, and 25 are future payments that have been reduced by a 6% present value discount as required under the [Agreement]. The remaining 19 delinquent payments of $1,238.09 each total damages of $23,523.71. The remaining 25 future payments discounted at 6% total damages of $29,373.36. Late charges from August 13, 2015 until June 27, 2019 at 10% total damages of $2,104.77. Attorney's fees are damages in the amount of $5,950[]. Zelinskie also testified that late charges of 10% have been sought on delinquent payments, although the [Agreement] authorizes late charges up to 15%. Zelinskie testified that BMEF pays attorney's fees each month and has not had a reason to dispute the charges or refuse to pay. Zelinskie further testified on cross[-examination] that BMEF has been unable to locate the equipment or [obtain] good contact with Kantor, and as such has been unable to repossess the equipment at issue. Th[e trial court found] the testimony of Zelinskie credible. Kantor testified that the equipment is located in Florida and is available to BMEF. However, Kantor was unclear on which pieces of equipment were owned by BMEF, and th[e trial court did] not credit this testimony.

Trial Court Opinion, 9/16/2019, at 2-3 (some name designations altered; citations and unnecessary capitalization omitted). At trial, Kantor moved to dismiss, which the trial court denied. N.T., 6/27/2019, at 21, 36-39, 56-58. At the close of trial, the court did not render a decision and took the matter under advisement. N.T., 6/27/2019, at 58.

The next day, June 28, 2019, Kantor filed what he titled a "Supplemental Petition to Dismiss." On July 2, 2019, the trial court filed its order and decision, which denied Kantor's petition and ordered judgment

---

[3] Zelinskie is President of BMEF. N.T., 6/27/2019, at 22.

entered in favor of BMEF and against Kantor in the amount of $60,951.84, plus costs. Judgment was entered on the docket that same date, July 2, 2019. Even though judgment had been entered, the following occurred. BMEF responded to Kantor's "Supplemental Petition to Dismiss" on July 10, 2019; Kantor filed a "Supplemental Post-trial Motion to Dismiss or Motion for a New Trial" on July 16, 2019; and the trial court denied Kantor's July 16, 2019 motion the same day, July 16, 2019.

This appeal followed.[4] On September 30, 2019, this Court entered an order directing Kantor to show cause as to why this appeal should not be quashed or dismissed for failure to preserve any issues for appellate review. Specifically, the order stated that the trial court docket indicated Kantor had not filed a timely post-trial motion, and no final judgment had been entered. Order, 9/30/2019. Kantor responded on October 8, 2019, asserting that his issues were preserved before, during, and after trial, and that the July 2, 2019 order was a final order. Response, 10/8/2019, at ¶¶ 1-6. Thereafter, on October 16, 2019, this Court entered a second rule to show cause order directing Kantor to praecipe the trial court prothonotary to enter judgment on the decision of the trial court as required by Pa.R.A.P. 301. Order, 10/16/2019; **see also** Pa.R.C.P. 227.4 (entry of judgment upon praecipe of party). Kantor complied and filed a response on October 22, 2019, indicating

_____

[4] Kantor and the trial court complied with Pa.R.A.P. 1925.

judgment was entered on October 22, 2019, and attached a copy thereto. Response, 10/22/2019. We discharged the rules to show cause by order entered October 29, 2019, and deferred the issues to this panel for consideration. Order, 10/29/2019.[5]

Kantor raises the following seven issues for our review.

1.     Was it an error of law for the [trial] court to ignore the jurisdictional clause[,] which stated that the contract at issue was subject to California jurisdiction and law?

2.     Was it an error of law for the [trial] court to ignore the commercially reasonable standard?

3.     Was it an error of law for the [trial] court to ignore the issue of mitigation of damages?

4.     Was it an error of law for the [trial] court to allow [BMEF] to request attorney's fees after the close of the case?

5.     Was it an error of law to ignore [Kantor's] request for a jury trial of September 10, 2018 and order a bench trial on June 19, 2019?

6.     Was it an error of law for the [trial] court to ignore the request to reduce the verdict?

7.     Is a contract of adhesion enforceable against an individual?

_____

[5] On December 4, 2019, this Court dismissed the appeal for failure to file a brief. Kantor filed an application to reinstate the appeal, claiming he did not know the briefing schedule remained the same in light of the show-cause orders. We vacated our order and reinstated the appeal on December 20, 2019. We specifically noted that "[t]o the extent [Kantor] avers that this Court's show-cause orders affected the briefing schedule, review of this Court's docket continued to reflect a due date of October 28, 2019, for [Kantor's] brief. Because [Kantor] filed a timely application to reinstate the appeal, this Court grants [Kantor] relief." Order, 12/20/2019, at 1 n.1.

Kantor's Brief at 3 (unnecessary capitalization altered).

Before we reach the merits of Kantor's issues, we first address the entry of judgment below. "[T]he law of this Commonwealth has long recognized that the entry of judgment is a jurisdictional matter." ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995). Moreover, "an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." ***Johnston the Florist***, 657 A.2d at 514.

As noted above, the certified record shows judgment was entered July 2, 2019. The trial court's decision "ordered that judgment is entered in favor of Plaintiff and against Defendant, in the amount of $60,951.84." Decision, 7/2/2019, at 7. Likewise, the certified docket entry on July 2, 2019, indicates the following. "Judgment entered in favor of Pltf and against Deft in the amount of $60,951.84. This document was docketed and sent on 07/02/2019." Docket Entry 21, 7/2/2019 (capitalization altered). Once the trial court decision ordering entry of judgment was filed on July 2, 2019, judgment was entered. ***Progressive Home Fed. Sav. & Loan Ass'n v. Kocak***, 518 A.2d 808, 809 (Pa. Super. 1986) (holding that when an order stating "judgment is entered" was filed, judgment was entered and "it was entirely unnecessary for appellee to praecipe for judgment").

However, because the judgment in the instant matter was entered simultaneously with the trial court's decision and before the ten-day period for filing a post-trial motion had expired, it was premature, and thus void. **Centrone v. Tuchinsky**, 439 A.2d 1226, 1227 (Pa. Super. 1982) (holding entry of judgment was premature and therefore void where it was entered before trial court ruled on timely-filed exceptions to court's adjudication); **accord Moore v. Quigley**, 168 A.2d 334, 336 (Pa. 1961) (dismissing appeal where the "judgment, having been entered before the time for filing a new trial motion had expired, is void and of no legal effect"); **see also** Pa.R.C.P. 227.4(1)(a) (stating prothonotary shall, upon praecipe of a party, enter judgment upon the decision of a judge following a bench trial **if no timely post-trial motion is filed**).

Despite this error, we are satisfied that we have jurisdiction over this appeal because judgment was subsequently entered. Even though Kantor's notice of appeal was filed before judgment was properly entered, our jurisdiction was perfected upon the entry of judgment on October 22, 2019. **Johnston the Florist**, 657 A.2d at 513 ("Even though the appeal was filed prior to the entry of judgment, it is clear that jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment."); **see also Harvey v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 525 n.1 (Pa. Super. 2006) ("Despite [a]ppellants' error in prematurely filing their notice of appeal, this Court will address the appeal

because judgment has [since] been entered on the verdict."); Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").[6]

Nonetheless, we are unable to reach the merits of Kantor's claims because he has failed to preserve them. An appellant must file post-trial motions within ten days after the court enters a decision. Pa.R.C.P. 227.1(c)(2) ("Post-trial motions shall be filed within ten days after … notice of nonsuit or the filing of the decision in the case of a trial without jury."). "This Court has explained that the purpose of Rule 227.1 is to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." *Brown v. Halpern*, 202 A.3d 687, 698 (Pa. Super. 2019) (citation and internal quotation marks omitted). Issues not raised by a party in post-trial motions pursuant to Rule 227.1 are waived on appeal. *Chalkey v. Roush*, 805 A.2d 491, 494 (Pa. 2002) ("Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review."); Pa.R.C.P. 227.1(b)(2) ("The [post-trial] motion shall state how the grounds were asserted in pre-trial

_____

[6] We have corrected the caption accordingly. *See Harvey*, 901 A.2d at 525 n.1.

proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.").

Here, Kantor's July 16, 2019 post-trial motion purported to raise his second, third, fourth, and sixth issues (relating to commercial resale of the equipment at issue; mitigation of damages; attorney's fees; and request to reduce the verdict, respectively). Supplemental Post-trial Motion to Dismiss or Motion for a New Trial, 7/16/2019, at 1. First, the remaining three issues Kantor presents in his statement of questions on appeal are waived for failure to raise them in a post-trial motion. *Chalkey*, 805 A.2d at 494; Pa.R.C.P. 227.1(b)(2). Second, the trial court filed its decision on July 2, 2019, and Kantor had until July 12, 2019, to file a timely post-trial motion. He filed his post-trial motion on July 16, 2019, more than ten days after the trial court's decision. Thus, Kantor's post-trial motion was untimely filed.

> The trial court has broad discretion to dismiss an untimely post[-]trial motion or to overlook its untimeliness. In *Millard v. Nagle*, [] 587 A.2d 10, 12 ([Pa. Super.] 1991), we held that, when untimely post-trial motions are filed within the thirty-day period that the trial court retains jurisdiction over the case, and when the trial court decides those issues without objection by an opposing party, we will treat the subsequent appeal as though the post-trial motions were timely filed for purposes of issue preservation.

*Ferguson v. Morton*, 84 A.3d 715, 719 (Pa. Super. 2013) (some citations omitted).

There is nothing in the record before us to indicate BMEF protested the untimeliness of Kantor's July 16, 2019 post-trial motion. However, in

denying said motion, the trial court specifically noted the motion's untimeliness and did not address the merits. Order, 7/17/2019. This was within the trial court's discretion. Consequently, the conditions noted in **Millard** are not satisfied and we need not treat the motion as though it was timely filed for purposes of issue preservation. **Ferguson**, 84 A.3d at 719 n.4. Accordingly, Kantor failed to preserve any of his issues for our review.

Even if Kantor had preserved his issues in a timely-filed post-trial motion, we would nevertheless find them waived. First, Kantor failed to raise his first and seventh issues in his Rule 1925(b) statement, and thus, they would be waived. **See** Kantor's Rule 1925(b) Statement, 8/16/2019; **Linde v. Linde**, 220 A.3d 1119, 1146 (Pa. Super. 2019); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement [of errors complained of on appeal]... are waived.").

Next, turning to Kantor's remaining issues, we would find them waived due to the defects in Kantor's brief and his failure to comply with our rules of appellate procedure. Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); **Wallace**, 199 A.3d at 1255 (finding waiver of issues for failure to comply with rules of appellate procedure).

Additionally, we are mindful of the following. "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018); *see also Linde*, 220 A.3d at 1145 ("[T]his Court may not act as counsel for an appellant and develop arguments on his behalf.") (citation and internal quotation marks omitted); *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted); Pa.R.A.P. 2119(a) (requiring argument section of brief to be "followed by such discussion and citation of authorities as are deemed pertinent").

In his brief, Kantor sets forth undeveloped and unsupported arguments relating to his issues on appeal. The argument section for **all seven** of the issues Kantor purports to raise spans less than two pages. Kantor's Brief at 6-7.

We first point out the headings dividing Kantor's argument section confusingly do not correspond to the order he lists his issues in the statement of questions section of his brief, and his argument is divided into six parts, while he purports to raise seven issues. **Compare** Kantor's Brief at 3 **with id.** at 6-7. **See** Pa.R.A.P. 2119(a) ("The argument shall be divided

into as many parts as there are questions to be argued[.]"). Because Kantor fails to address whatsoever his sixth issue relating to a request to reduce the verdict, he has abandoned it and we would find it waived. ***See Commonwealth v. Rodgers***, 605 A.2d 1228, 1239 (Pa. Super. 1992) ("We must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief.") (citation omitted).

At this point, what would remain would be Kantor's second, third, fourth, and fifth issues (relating to commercial resale of the equipment at issue; mitigation of damages; attorney's fees; and request for a jury trial, respectively). In the argument section relating to the issue of commercial resale of the equipment, Kantor asserts that during the bench trial, a BMEF witness stated that BMEF was "required under the law to mitigate damages and resell the product in a 'commercially reasonable manner.'" Kantor's Brief at 6. In support of his assertion, Kantor lists, without any discussion whatsoever, 11 cases that he purportedly presented to the trial court in his memoranda of law during the bench trial.[7] Of the cases listed, two are from

---

[7] Incorporation by reference is not proper development of an issue raised in a brief. Our Supreme Court has

> previously held that such "incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court. Our rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed

*(Footnote Continued Next Page)*

common pleas courts and six are cases from states and a territory outside of Pennsylvania. Kantor's Brief at 6. Kantor makes absolutely no attempt to explain any of the holdings of these cases or how they are relevant to and support his argument.

Similarly, in the argument section relating to the issue of mitigation of damages, the entirety of Kantor's argument is as follows.

> The witness for the plaintiff admitted that it must mitigate damages. (RR 63) It was error of law not to dismiss the action based on the plaintiff's admission. Truserv v Morgan's Tool & Supply Co. 39 A3d 253 (Pa 2012) and Portside v Northern 41 A3d 1 (Pa Super 2011)

*Id.* (verbatim). Neither case stands for the proposition Kantor posits, and he does not provide any explanation as to how the holdings of these cases relate to or support his argument. Development of an appellate issue before

---

*(Footnote Continued)* ──────────────

pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief.

*Commonwealth v. Briggs*, 12 A.3d 291, 342-43 (Pa. 2011) (citations omitted) (finding Briggs' claim waived where he incorporated by reference the argument set forth in a separate brief). "[C]ompliance with these rules by appellate advocates who have any business before our Court is mandatory." *Id.* at 343. Thus, we would decline to consider Kantor's arguments. *See id.* In any event, our review of the purported memoranda of law shows Kantor cited three cases in the first filing and no cases in the second filing. Neither filing contained any discussion of authorities cited.

this Court requires more than a one-sentence analysis followed by case citations that are not on point.

The argument sections relating to the issues of attorney's fees and a request for a jury trial fare no better. With respect to attorney's fees, Kantor offers three sentences for his entire argument, and fails to cite to the record or any authority. *Id.* Regarding the issue of a request for a jury trial, Kantor's argument also consists of three sentences and fails to cite to the record. *Id.* at 6-7. He cites to a letter brief filed on behalf of the Commonwealth of Pennsylvania in a criminal case, which argued that the criminal defendant had voluntarily waived his right to a jury trial where he signed a written colloquy on the record. Not only is the letter brief not binding authority, Kantor makes no attempt to argue why that criminal case is relevant to the instant civil matter. Similarly, the other two cases cited by Kantor in this argument section are criminal cases and, once again, Kantor fails to discuss or argue their relevance to his argument. Kantor does not give any pinpoint citation to where in these cases he wishes to direct our attention, and our review of these cases does not support Kantor's issue that the trial court erred in ordering a bench trial.

Based on the foregoing, even if Kantor had preserved his claims for appeal, we would conclude Kantor failed to develop an argument in support

of these issues in his brief, and waiver would be required.[8] *Linde*, 20 A.3d at 1146 n.11 (finding waiver of issue for appellant's failure to develop claim in brief); *see also J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa. Super. 2012) (finding waiver of undeveloped and unsupported issue).

Kantor having failed to preserve any of his issues for appellate review, we affirm the judgment entered on October 22, 2019, in favor of BMEF and against Kantor.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/20

_____

[8] Even if we reached the merits of these issues, we would conclude, for the reasons set forth in the trial court's opinion, that Kantor is not entitled to relief. *See* Trial Court Opinion, 9/16/2019, at 5-10 (finding BMEF had no duty to hold a commercially reasonable sale of the equipment at issue to mitigate its loss because BMEF never had access to the equipment at issue and thus could not repossess it, and Kantor had an equal opportunity to mitigate damages; award of $5,950 in attorney's fees was reasonable and supported by testimony at trial and affidavit describing work and hourly rate, and Agreement explicitly provided BMEF was entitled to attorney's fees in the event of Kantor's default; and Kantor waived his right to a jury trial by the express language of the Agreement).